# FIRST DEPARTMENT.

## GENERAL TERM, OCTOBER, 1873.*

LEONARD *et al.*, executors, etc., v. BELL *et al.*

*Will — void trusts — suspension of power of alienation.*

A testator directed that a portion of his estate be set apart and devoted to the purchase of the site for a female seminary and the erection of buildings thereon ; another portion invested in government bonds and the income applied for the payment of the salaries of teachers in such seminary; and also directed that his executors, after making provisions for the government of the seminary, should cause the same to be incorporated and convey the title to the premises purchased to the corporation.

*Held*, that the provisions in question were void, as (1) creating a trust not authorized by statute; and (2), suspending the power of alienation for an indefinite period.

THIS case was submitted without action, pursuant to section 372 of the Code of Procedure. The question is as to the validity of the thirteenth clause of the will of one Reed, providing for the establishment of a female seminary at Stephentown, New York. The opinion states the case.

*Wm. Allen Butler*, for plaintiffs.

*Edwards & Odell*, for defendants.

INGRAHAM, P. J. This proceeding comes before the court in a controversy, submitted without action, for the construction of the will of the testator. In the thirteenth clause of the will, after having previously disposed of what the testator considered one-half of his estate, he provided as follows, viz.: "I will and direct that the rest, residue and remainder, of my estate be so held by my said execu-

* [The following cases were argued at the October term, 1873, and the decisions were filed December 19, 1873.]

trix and executors in trust, and be disposed of as follows: That twenty thousand dollars thereof, or so much thereof as may be necessary, be set apart and be appropriated in the purchase of a suitable building site in the village of Stephentown, and in the erection thereon of an academic building and appurtenances for a female seminary, to be called and known as the Reed Female Seminary; the residue, after deducting the amount so to be invested in the purchase of ground and the erection of improvements thereon, I direct to be kept invested in the bonds of the U. S. government, and the net income thereof to be applied and appropriated to the payment of the salaries of professors and teachers," etc. After making provision for the government of the seminary, it provides that the executrix and executors shall cause the institution to be incorporated under the laws of this State, and the title of the said premises to be conveyed to the incorporation. The testator also provided that, in case the bequest and devise failed, the property should be divided among those to whom he had given the residue of his estate. In order to carry out these provisions, it becomes necessary to create a trust to hold the property and collect the income, to buy the land and erect the school-house, to employ and pay teachers, and to continue this trust without any definite period being fixed until the school should be incorporated when the trust was to cease by a transfer of the property to the incorporation.

These provisions are subject to two serious objections: first, the creation of a trust not authorized by the Revised Statutes; second, that the power of alienation is suspended for an indefinite period, and is not limited to two lives in being as required by law. Both of these objections have been so frequently discussed in the courts, that it is hardly necessary to cite the cases in which these points have been examined. *Leonard* v. *Burr*, 18 N. Y. 96; *Beckman* v. *Bonsor*, 23 id. 298; *Downing* v. *Marshall*, id. 366; *Levy* v. *Levy*, 33 id. 97; *Bascomb* v. *Albertson*, 34 id. 584; *Adams* v. *Perry*, 43 id. 487; *White* v. *Howard*, 46 id. 144. In regard to the suspension of the power of alienation for a larger period than two lives in being, it appears to be an insuperable objection. There are no lives mentioned in the trust, the suspension being until the academy is incorporated, which event may not take place, and the suspension therefore would be indefinite. For both reasons I think this clause of the will cannot be sustained. In the case of the Roosevelt will, the suspension of the power of alienation was lim-

ited to two lives in being, and the corporation was to come into existence during that period. *Burrill* v. *Boardman*, 43 N. Y. 254. There must be judgment declaring the provisions of the thirteenth clause of the will void.

BRADY, J., concurred.

*Judgment accordingly.*