LEONARD M. PARKER & others *vs.* LORING PARKER &
others.

Middlesex. January 16. — 18, 1878. ENDICOTT & SOULE, JJ., absent.

A. by his will devised certain real estate to his son B., on the condition that B.
should provide for the support of his brother C., "but if said B. shall neglect or
refuse to perform and accept" the condition named, then the estate should go to
D., upon the same condition, "but not otherwise." C. died in the lifetime of the
testator, unmarried and without issue. *Held*, that the condition became impossi-
ble by the act of God, and that B. had an absolute estate.

PETITION FOR PARTITION. Loring Parker alone appeared
and the other respondents were defaulted. The case was sub-
mitted to this court on agreed facts in substance as follows:

The petitioners and respondents are the heirs at law of David Parker, who died on July 16, 1873, seised in fee of the lands described in the petition, and leaving a will dated April 18, 1863, which was duly admitted to probate, and contained the following clauses:

"Second. I give and bequeath to my son Loring Parker" [certain lands, describing them]. " I also give and bequeath to my son Loring Parker all the personal property of which I may die seised and possessed. All the foregoing bequests to the said Loring Parker are upon the following conditions, viz.: That the said Loring shall exercise a guardianship over my son George Parker and make a prudent and economical provision for his support out of the real estate hereinafter given and bequeathed to said George for his support. I also give and bequeath to said Loring all the remainder of the property or estate hereinafter bequeathed to said George, at his decease, if any there be, said remainder being given said Loring on the conditions before specified. But if said Loring shall neglect or refuse to perform and accept the conditions aforesaid, or either of them, then all the property aforesaid, mentioned as conditional bequests to said Loring, I give and bequeath to my daughter Harriet Tyler, wife of Ansel Tyler, upon the same conditions required of said Loring, to be performed by her and her husband, and, in the event of her husband's death, by her and her heirs; but if said Harriet, or Harriet and Ansel, or either of them, shall refuse or neglect to perform the conditions aforesaid, or any of them, then I give and bequeath the same property to my son L. M. Parker, upon the same conditions as those required of said Loring; and in the event said L. M. Parker shall refuse or neglect to accept and perform said conditions, then I give and bequeath the same property to my daughter Pamelia Hartwell, wife of Jeremiah C. Hartwell, if she and her husband, or his heirs, shall well and truly do and perform all the aforesaid conditions towards said George Parker, but not otherwise."

"Fourth. I give and bequeath to my son George Parker, to be used and expended for his support in an economical manner, during his natural life, a certain piece of land, situated in the northerly part of Lancaster aforesaid, containing about two acres, more or less, described in a deed of Thomas Hazen to me, and

known as the Pine Hop-pole Lot; I also give and bequeath to the said George a certain other piece of land for the purpose aforesaid, situated in said Shirley, containing by estimation about thirty-five acres, and bounded as follows" [describing it by metes and bounds]. " To have and to hold the same, to be used and expended for the maintenance and support of him, the said George Parker, during his natural life, if the same shall be sufficient; and the remainder I give and bequeath to the person who may become guardian of said George by virtue of the conditions of the bequests first aforesaid, if there shall be any portion thereof remaining which may not be necessary to be expended for his support before the time of his decease."

George Parker, named in the will, was the son of the testator, and was an idiot, incapable of taking care of himself, and died two days before the testator, unmarried and without issue. The testator left no widow.

The lands described in the petition include all the lands, owned by the testator at his death, that are referred to or described in the second clause of the will, and include in their boundaries the lot in Shirley, described in the fourth clause of the will.

The executors have settled their accounts, and have paid all the debts of the testator and funeral expenses out of the personal property which the testator left.

*F. A. Worcester*, for the petitioners.

*D. S. Richardson & G. F. Richardson*, for Loring Parker, were not called upon.

GRAY, C. J. All the lands of which partition is sought were devised by David Parker to Loring Parker upon the condition subsequent that he should support George Parker. On the death of George in the lifetime of the testator the performance of the condition became impossible by the act of God, and Loring cannot be said to have neglected or refused to perform it, but holds the lands by an absolute title. 4 Kent Com. 130. *Merrill v. Emery*, 10 Pick. 507, 511. *Petition dismissed.*