HENRIETTA A. LOUGHEED, Appellant, *v.* THE DYKEMAN's
BAPTIST CHURCH, Impleaded, etc., Respondent.

A testator may so dispose of his real estate that it will, upon his death,
vest in his heirs by operation of law, subject to be divested upon the
happening thereafter of a contingency provided for in the will.

The will of D., after a devise to his wife of a life estate in all his real
estate, contained a devise of certain lands, commencing as follows: "At
the death of my wife, I give and devise," etc. The devise was to a
religious society, the land to be used as a parsonage; the devise provid-
ing that whenever the society ceased to so use it, it should revert to the
testator's heirs. The society was unincorporated at the time of the tes-
tator's death, but was incorporated during the life of his widow. In an
action for partition brought by one of the heirs of D., who claimed the
devise to be void, *held*, that the terms of the will showed the intent of
the testator to be to vest the estate in the devisee at the time of, and not
before, the death of the wife, and if the devisee at that time should
be able to take, the devise was valid, the title to the remainder being in
the heirs from the time of the testator's death to that of his widow,
subject to be divested if the devisee at the time of her death was an
existing corporation capable of taking, in which event the title would
vest in it.

Reported below, 58 Hun, 364.

(Submitted October 28, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an order
made at the December term, 1890, which affirmed a judgment
in favor of defendant entered upon a decision of the court on
trial at Special Term.

The plaintiff appeals from a judgment of the General Term
of the Supreme Court, affirming a judgment of the Special
Term, which dismissed her complaint upon the merits. The
action was brought to partition certain real estate in Putnam
county among the heirs of one Amos Dykeman, who died
April 17, 1882. The plaintiff alleged in her complaint that
she was the owner in remainder of the real estate in question,
as a tenant in common with another, subject to the life estate
therein of the widow of the deceased Dykeman, and notwith-

standing the apparent devise of such real estate by the decedent to another. This apparent devise the plaintiff alleged was void, and the allegations in her complaint brought her within the provisions of sections 1533 and 1537 of the Code of Civil Procedure.

The testator, at the time of his death, left a widow, Iva Jane Dykeman, also the plaintiff, who was his niece, and the defendant Laura A. Mabie, his sister, the niece and sister being the sole heirs at law. He left a will which was duly admitted to probate, by which he gave to his wife the use of all his real estate during her natural life. The second paragraph of his will is as follows:

"SECOND. At the death of my wife, I give and devise all that part of my real estate situate in the said Town of South East, which lies southerly of the new road leading westerly from Dykeman's Station, past the dwelling-house of Coles B. Fowler to the Baptist Church and Society of Dykeman Station, to be used by said Church and Society as a parsonage forever. And whenever said Society ceases to use the same as a parsonage, the same shall revert to my heirs at law. The real estate so intended as a parsonage includes my present dwelling-house and eighty acres of land, more or less."

The widow took possession of the real estate upon the death of the deceased, and was still in possession at the time of the commencement of this action.

The church organization known as the Baptist Church and Society of Dykeman's Station was organized about 1866, and the deceased was a member of the society and contributed to its support, and it continued to exist as a church organization up to May, 1889, when it became incorporated under the name of the Dykeman's Baptist Church and Society, and it is the same organization as is mentioned in the second paragraph of the will of the deceased.

*Frederick S. Barnum* for appellant. The apparent devise to the Baptist Church and Society at Dykeman's station is void, for the reason that no such society as named in the will had

any legal or corporate existence at the date of the testator's
death and of the probate of the will and the remainder vested
instanter in the testator's heirs at law. (*In re McGraw*, 111
N. Y. 110, 112; *Mapes* v. *A. H. M. Society*, 33 Hun, 262;
*Livingston* v. *Greene*, 52 N. Y. 118; *Moore* v. *Lyons*, 25
Wend. 144; Jarman on Wills [5th Am. ed.] 835; *Shipman*
v. *Rollins*, 98 N. Y. 324; *Marx* v. *McGlynn*, 88 id. 368;
*Burrill* v. *Boardman*, 43 id. 260; *Sherwood* v. *A. B. Society*,
1 Keyes, 561; *Bascom* v. *Albertson*, 34 N. Y. 584; *White* v.
*Howard*, 46 id. 144; *Holmes* v. *Mead*, 52 id. 332; *In re
Abbott*, 3 Radf. 303; *McKeon* v. *Kearney*, 57 How. Pr. 349;
*F. P. Society* v. *Bowen*, 21 Hun, 389; *Downing* v. *Marshall*,
23 N. Y. 366; *Betts* v. *Betts*, 6 Abb. [N. C.] 317; *Leslie* v.
*Marshall*, 31 Barb. 560; *Baptist Assn.* v. *Hart*, 4 Wheat. 1;
*In re Trustees Sailors' Snug Harbor*, 3 Pet. 99; *Manice* v.
*Manice*, 43 N. Y. 303; *DaCosta* v. *Bass*, 48 Hun, 32; *In re
Mahan*, 98 N. Y. 372; *Avery* v. *Everett*, 110 id. 317; *Haynes*
v. *Sherman*, 51 Hun, 585; 4 R. S. [8th ed.] 2432, § 13;
*Black* v. *Williams*, 51 Hun, 283; *Delafield* v. *Shipman*, 103
N. Y. 464.) The society not being incorporated at the testa-
tor's death cannot take the devise as a charitable use. (*Owens*
v. *M. Society*, 14 N. Y. 407; *Holmes* v. *Mead*, 52 id. 332;
*Bascom* v. *Albertson*, 34 id. 584.) This case is not taken out
of the ordinary rule by the limitations imposed on the devise.
(*Henderson* v. *Hunter*, 59 Penn. St. 335; 1 Jarman on Wills,
200, 783; Lewis on Perp. 657; 2 Black. Comm. 156; 4 Kent's
Comm. 130; Co. Lit. 206, 223; *Church* v. *Grant*, 3 Gray,
142; 1 Shars. 168; *S. A. School* v. *Whitney*, 54 Conn. 345;
*Wells* v. *Heath*, 10 Gray, 17; *Society* v. *Atty.-Gen.*, 135 Mass.
285.) The attempted devise to the church and society and the
limitation over to testator's heirs upon the contingency men-
tioned in the will offends the New York statute in relation to
perpetuities. (2 R. S. art. 1, § 14; *St. Amour* v. *Rivard*, 2
Mich. 294; *Leake* v. *Robinson*, 2 Meriv. 363.)

*Abram J. Miller* for respondent. The estate does not vest
until the death of the widow. (*Goebel* v. *Wolf*, 113 N. Y.

405; *Everitt* v. *Everitt,* 29 id. 67; *Leake* v. *Robinson,* 2 Mer.
363; *Warner* v. *Durant,* 76 N. Y. 133; *Smith* v. *Edwards,*
88 id. 92; *Vincent* v. *Newhouse,* 83 id. 505; *Patchen* v.
*Patchen,* 121 id. 532.) The incorporation of the society
previous to the death of the testator's widow enables it to take
under the will. (*Holmes* v. *Mead,* 52 N. Y. 332; *Burrill* v.
*Boardman,* 43 id. 254; *Shipman* v. *Rollins,* 98 id. 311;
*Plymouth Society* v. *Hepburn,* 32 N. Y. S. R. 943.)

PECKHAM, J. The plaintiff maintains that the devise to
the Baptist Church, as set forth in the second clause of the
will of Dykeman, deceased, is void, because the testator, by
the language used in the will, intended to vest in the above-
mentioned church immediately upon his death, that portion of
the real estate mentioned by him and of which he died seized,
subject to the life estate of his wife, and that as the church
was at the time of the death of the testator an unincorporated
organization and unable to take property by devise, the devise
itself was void and the property descended to the heirs at law
of the testator.

The question is primarily one as to the intent of the testa-
tor. Did he, by the language he used, intend to vest the title
to the portion of his estate described by him in the church at
the moment of his death, or did he intend that such vesting
should not take place until the death of his wife? If he
intended that it should at once vest in the church society, the
devise is void, for at that time the society was not incorporated
and was unable to take under the will. What his intention
was, must, of course, be discovered from a perusal of the lan-
guage used by him in the will itself.

It is urged that if at the death of the testator the real estate
at once vested in the heirs at law, it becomes of no importance
whether thereafter or prior to the death of the widow the
church should become incorporated and thereby rendered
capable of taking property by devise. The property having
once vested in the heirs, could not, it is claimed, be thereafter
divested and go to the incorporated church upon the death of

the wife. Cases are cited by counsel for appellant which he says uphold this contention.

The most that is decided in any of the cases he has called our attention to, is that when the testator intends that the devise or bequest shall vest in the devisee or legatee at once upon his own death, although to be enjoyed in possession at some future time, if at the decease of the testator, the devisee or legatee is incapable of taking, the devise or bequest is void, and the devisee or legatee cannot thereafter take, even though capable of taking when the period of enjoyment would otherwise have arrived.

The very question to be here decided is, when does the devise vest in the devisee? If it were intended that it should vest immediately upon the death of the testator, then we can say that on account of the inability of the devisee to take at that time, the devise was void and the land would go to and vest in the heirs at law, unless otherwise provided in the will, and once having unconditionally vested, the subsequent capacity to take on the part of the devisee, would not divest the property from the heirs.

I have, however, been unable to find any case which holds that à testator may not so provide for the future vesting of the title to real estate in his devisee that in the meanwhile it will vest in his heirs by operation of law, subject to be divested upon the happening of a contingency subsequent to his death, and provided for in the will.

If the testator had in so many words devised his real estate to his wife for life and remainder in fee to his heirs at law, but if at the death of his wife, the Dykeman's Baptist Church should then be a duly incorporated society, capable of taking property by devise, then in that case he devised the real estate to it, to use the same as a parsonage, etc., can there be any doubt that the church, although unincorporated at the death of the testator, yet, if incorporated at the time of the death of the wife, would take the property devised? The principle decided in *Burrill* v. *Boardman* (43 N. Y. 254), and *Shipman* v. *Rollins* (98 id. 311) upholds such a devise. A fee

may be divested upon the happening of a certain event provided for by the testator. (*Leonard* v. *Burr*, 18 N. Y. 96.)

Although such words are not made use of, if from the whole language of the will and the implications which naturally arise therefrom, the intention of the testator appears to have been to vest the estate in the devisee at his wife's death, and not before, and if the devisee at that time shall be able to take, we think the devise is valid and the judgment must be affirmed. This would leave the title to the remainder of the estate, from the time of the death of the testator to that of his wife, in the heirs of the testator, subject to be divested, if at her death, the devisee were an existing corporation. The question then recurs, when does the estate vest?

As was well said by the learned judge in delivering the opinion of the court below in this case, the devise herein is of such a nature that the devisee could not alien or dispose of it, certainly not in the life-time of the tenant for life. The property was devised provided it should be used as a parsonage by the church society, and if the society ceased to use it as such the property was to revert to the testator's heirs at law, and thus it is clear the testator never intended the devisee should have any possible benefit from the devise until his wife's death. The right of property and the right of enjoyment were to come into being together, and there could be no right of property separated from the right of enjoyment.

It seems to me that as the testator only contemplated that the society should have the right to use this property after the death of his wife, and then only as a parsonage, and that when it ceased to be used as such the land should revert to the heirs of the testator, he meant that the estate should not vest until the death of the wife. If at that time the society could take, it was all that was necessary.

It may be the testator did not contemplate the necessity of an incorporation of his devisee. He intended, as we must assume, to make a valid devise and to that end he intended and supposed that his devisee should and would be capable of taking the devise when the time came, and if anything were necessary

to be done before that time arrived in order to render itself capable of taking, it must be presumed the testator intended it should be done.     Hence if the formation of a corporation were a condition precedent to the possibility of the vesting of the estate under the devise, it would follow that the formation of such corporation was not outside of or counter to the intention of the testator.     Construing his intention from the language used in the will to be that the estate should not vest in the devisee until the death of his wife, it would in the meantime vest in the heirs, and if upon the death of the wife, there is a devisee capable of taking, the estate is divested from the heirs and passes to the devisee.     The law provides for this to exactly the same extent as if the testator had conveyed the fee in so many words to the heirs upon the conditions mentioned.

The learned counsel for the appellant has cited some cases where the language used as to the time of enjoyment of the devise was much the same as that used here, and where it had been held that the testator meant that the devise or bequest should vest in the devisee or legatee at once, and simply the actual enjoyment in possession be postponed to a future time. But the limitations as to the future enjoyment and possession of this real estate by the church are of such a nature as to clearly distinguish this case from all the others cited by counsel. Generally it may be said that the language as to the time of enjoyment as used here would be regarded by the courts as causing a vesting of the estate immediately upon the death of the testator.

The counsel for the appellant also claims the condition upon which the devise was made was void and that, therefore, no argument can be drawn as to the intended postponement of the vesting until the death of his wife, founded upon the inability of the devisee to deal with the estate as a vested one. If we were to assume the invalidity of the condition, still the time when the devise would vest would not be thereby affected. It would still be a question of intention on the part of the testator, and upon that question even a void provision in a will may be looked to for light.     It would still appear the testator

intended the devisee to take no interest in the land excepting upon the condition and for the purpose and at the time expressed by him, and that intention would still be entitled to the same weight as if the condition were legal.

We are of the opinion that the devise does not vest the estate in the devisee until the death of the wife of the testator, and if at that time the devisee shall be in existence and capable of taking, it will take the estate under the devise.

The devise is, therefore, not void and the judgments of the Special and General Terms should be affirmed, with costs.

All concur.

Judgments affirmed.