LOUGHEED et al. v. DYKEMAN BAPTIST CHURCH & SOCIETY.

(Supreme Court, Special Term, Putnam County.  May 28, 1896.)

WILLS—QUALIFIED FEE—SUSPENDING POWER OF ALIENATION.
    A devise of land to be used by the devisee for a certain purpose "for-
ever" and whenever the devisee shall cease to use the land for such pur-
pose "the same shall revert to my heirs at law," gave the devisee a quali-
fied fee in the land and therefore the statute against perpetuities does not
apply.

Action by Henrietta A. Lougheed and another against the Dyke-
man Baptist Church & Society.

F. S. Barnum, for plaintiffs.
Abram J. Miller, for defendant.

DICKEY, J.    As I have decided the question of fact in this case
in favor of the defendant, it is not necessary for the determination
of the action to pass upon the legal question in this case; but, as I
am asked by both parties to do so, I have given it some consideration.
    It is claimed by the defendant that the clause of the will which pro-
vides that the real estate devised to defendant is "to be used by said
church and society as a parsonage forever, and, whenever said so-
ciety ceases to use the same as a parsonage, the same shall revert
to my heirs at law," is void, as being contrary to the statute against
alienation.    This same claim seems to have been made by these
plaintiffs in the other action in this court between these same par-
ties (Lougheed v. Baptist Church, 129 N. Y. 211, 29 N. E. 249), and
against which plaintiffs now contend.    So far as the court then con-
sidered the matter, it would appear that they did not regard the
claim with favor.    I am of the opinion that the church took a quali-
fied or determinable fee in the land in question.    1 Washb. Real
Prop. § 6364.    The testator reserved to his heirs at law an inter-
est in the property which was not exactly a "reversion," but was
rather the possibility of a reversion, which is sometimes called a
"reverter."    See "Reverter," Am. & Eng. Enc. Law.    Gray, in his

Rule against Perpetuities, raises the question whether such possibilities now exist at common law; but he admits that Leonard v. Burr, 18 N. Y. 96, decides that they do still exist in this state. Section 41. It has been held in Massachusetts, and strongly intimated in New York, in Jackson v. Topping, 1 Wend. 388, and Plumb v. Tubbs, 41 N. Y. 442, that the statute forbidding restraints on alienation has no application to these possibilities of reversion. I think, therefore, that, whenever the church ceases to use this land as a parsonage, it passes to the heirs of Amos Dykeman. The error in the defendant's contention is that he views this provision in favor of the testator's heirs as an attempted "limitation over," or executory devise. As such, it would fall under the ban of the statute, and would be void. If, for instance, the will gave the land to the church so long as the latter used it as a parsonage, and then gave it to anybody else, that would come under the statute, because, if the remainder-men ever took, they would take a new estate or interest; that is, one that did not exist at all until the required condition arose. In other words, until the land ceased to be used as a parsonage, the devisee of the next estate would have only a future interest and contingent as well. In the case under consideration, the testator reserved to his heirs a present interest, which, though it might lie dormant for many years, would not be a new estate or interest when matured.