## JENNIE M. KIMBALL, PETITIONER.

Middlesex, March, 1902.

*Condition — Observance Prevented by Act of Third Party — Forfeiture.*

The deeds in this title have for many years been made upon condition that " the aforesaid grantees, their heirs and assigns, shall forever maintain and keep open on said premises a certain water course or drain now running there."

At the time this condition was first imposed upon the property there was an open brook running across the premises, the location of which is shown upon the plan; but later the City of Somerville, on a petition in reference to said drain or water course, voted to construct a brick sewer there, and such a sewer was accordingly constructed, enclosing the former water course. This action was intended to be taken under the authority of a statute which had, however, previously been repealed.

In all deeds subsequent to the one in which it was originally imposed, the provision is clearly intended merely as a recital of fact, and not as the reimposition of a new condition, and all of the heirs of the grantor in the original deed have been served with notice of these proceedings. Several have appeared.

Under the circumstances a waiver of the breach can fairly be argued. But it seems to me that regardless of waiver, there can be no forfeiture. There is no forfeiture where performance is prevented by act of God. Merrill *v.* Emery, 10 Pick. 507. Parker *v.* Parker, 123 Mass. 584. Nor where non-performance is the result of an act of the Legislature.

Mahoning County v. Young, 16 U. S. App. 253. Scovill v. McMahon, 62 Conn. 378. Doe d. Anglesea v. Rugeley, 6 Q. B. 107.

It is said that in this case performance of the condition was not prevented by act of the Legislature, but by reason of an incorrect assumption as to the law. Where one relies on his own understanding of the law, he does so at his peril, and if he makes a mistake his mistake is none the less willful. Perhaps in such a case he cannot ask relief from the penalty of forfeiture, and must abide by the consequences of his error. Hancock v. Carlton, 6 Gray, 39, 58. But that is not the situation here. Whether forfeiture will be permitted where the act or neglect is that of a third party claiming under the owner, or for whom the owner can be considered responsible, seems to be a question. The point was raised and argued in Indian Orchard Co. v. Sikes, where the act was that of a lessee, though done without the knowledge or consent of the owner. There were other questions involved in that case, however, and the Court without giving any opinion, simply ordered judgment on the verdict. Indian Orchard Co. v. Sikes, 8 Gray, 562. In the case at bar the breach was caused by the act of the City, claiming not under, but against the owner; an act which whether authorized by Statute or not, was nevertheless an act of the public authorities over which the owner had no control. "It would be inequitable to permit forfeiture." Mactier v. Osborn, 146 Mass. 399. Hancock v. Carlton, 6 Gray, 39. Lundin v. Schoeffel, 167 Mass. 465. Pomeroy, Equity Juris. 451. The breach was absolute. The act of the city must be deemed in preventing compliance with the condition to have thereby terminated it, and with it, the right of reverter.

Decree for petitioner.