Connor and others, Respondents, vs. Sheridan, Appellant.

*February 3—February 24, 1903.*

*Ejectment: Wills: Construction: Condition subsequent.*

A testator devised the residue of his estate, consisting of land, to his son (who had disappeared) on condition that if he was not heard from within ten years from the date of the will the land should go to nephews and nieces. Before the expiration of the ten years the son's wife, on the ground of desertion, obtained a divorce *a mensa et thoro*, and the judgment therein adjudged to her whatever right, title and interest the son had in the testator's lands. Afterwards, on ejectment being brought against the son's wife, judgment was rendered adjudging that under the will a present estate in fee was vested in the son, but not deciding whether such estate was a base fee by reason of the condition, or whether such condition was void because too indefinite to be enforced. After the ten years had elapsed,

the son not having been heard from, the nephews and nieces brought ejectment against the son's wife. *Held*, that the conditions annexed to the devise, with the limitation over to the plaintiffs, was binding, and, the ten years having expired, the title to the land vested in plaintiffs, as tenants in common.

APPEAL from a judgment of the circuit court for Vernon county: J. J. FRUIT, Circuit Judge. *Affirmed.*

It appears from the record, and is undisputed, that November 29, 1888, Arthur Sheridan died, leaving a last will and testament, executed November 20, 1888, which was admitted to probate January 2, 1889; wherein, after providing for the payment of his debts and funeral expenses, and making certain small bequests, were contained the following provisions:

"Fourthly. I leave, devise, and bequeath all the rest and residue and remainder of my estate, real, personal, and mixed, to my only son Thomas. Fifthly. If my son, who is now absent, will not be heard from within ten years from to-day, I will, devise, and bequeath that my property, both real and personal, be equally divided between nephews and nieces—that is, between *Jane, Kate,* daughters of my brother John Sheridan, of Newark, N. J., and *Thomas* and *James,* sons of Patrick Flynn, of Newark, N. J., and the four sons and three daughters of Dennis O'Connor and his wife, of Liberty Pole, Vernon county, Wisconsin."

These provisions are followed by a clause appointing Patrick McManamy executor of his last will and testament. This is an action of ejectment, commenced January 18, 1900, by the eleven nephews and nieces mentioned in the fifth clause of the will, against the defendant, the divorced wife of the testator's son Thomas, mentioned in the clauses of the will quoted, to recover the lands described and owned by the testator at the time of his death. It appears, and is undisputed, that at the time of making the will the testator and the defendant, his daughter-in-law, were living together; that March 20, 1889, the defendant commenced an action for a divorce against Thomas on the ground of desertion, and April

22, 1889, she obtained a divorce from Thomas *a mensa et thoro,* and the judgment therein adjudged to her whatever right, title, and interest Thomas had in the lands described. About September, 1890, Patrick McManamy, as administrator of the estate with the will annexed, brought an action of ejectment against this defendant for the lands in question, to which she answered, and in which judgment was entered in her favor April 30, 1891, and that judgment was affirmed in this court March 22, 1892. 81 Wis. 538, 543, 51 N. W. 1011. July 14, 1893, P. J. McManamy was appointed administrator with the will annexed, in place of Patrick McManamy. March 29, 1899, P. J. McManamy, as such administrator, presented his final account to the county court, and prayed for a final settlement and distribution of the estate, and that court ordered the same to be heard at a time named, and after such hearing, and on June 6, 1899, that court found that the amount properly chargeable to said administrator was $245.90; that the amount properly allowed and credited to him was $245.49, and that the residue in his hands was forty-one cents; that the testator died seised of the lands described; that the deceased left, him surviving, one son, Thomas Sheridan, who at the time of the death of the testator had left home, and had not been heard from for some months, and leaving no widow, or other children surviving him; that he left the will so admitted to probate containing the provisions quoted; that Thomas had never been heard of or from since the making of such will, and that more than ten years from that day had elapsed; and it was therein ordered and adjudged that the account so stated should be, and the same was thereby, allowed; that the residue of the personal estate be, and the same was thereby, assigned to the eleven nephews and nieces named in the will in equal shares, to each one-eleventh, and that the real estate be, and thereby was, assigned to the eleven nephews and nieces, devisees named in the will, in common, and to each one undivided eleventh

thereof.   Afterwards, and on January 18, 1900, the eleven nephews and nieces so named in the will commenced this action of ejectment against the defendant as the divorced wife of Thomas.   The defendant answered, alleging several of the facts mentioned, and particularly the judgment of divorce, and the judgment in her favor in the ejectment suit.   A jury being waived, and trial had, the court, at the close thereof, made findings of fact to the effect stated, and as conclusions of law the court found, in effect, that, Thomas not having been heard from within ten years from the date of the will, the land mentioned vested absolutely in fee in the other devisees mentioned in the will; that the order of the county court of June 6, 1899, allowing the final account, and assigning the estate of Arthur Sheridan, is *res adjudicata* as to the persons entitled to take and who did take under the will, and that such order and judgment is conclusive against the defendant claiming any right in and to such property; that the plaintiffs herein are entitled to judgment for the possession of the lands described, and for their damages in the sum of six cents, and for their costs and disbursements in this action; and ordered judgment to be entered accordingly.   From the judgment so entered the defendant brings this appeal.

*H. P. Proctor* and *C. W. Graves,* for the appellant.

For the respondents there was a brief by *Smith & Griffin,* and oral argument by *C. J. Smith.*

CASSODAY, C. J.   The provisions of the will quoted, if valid, are binding upon all parties, including the defendant. In the divorce action the court adjudged to the defendant, as the wife of Thomas, April 22, 1889, whatever estate Thomas then had in the lands described.   Subsequently the administrator of the estate of Arthur Sheridan, deceased, with the will annexed, sought to recover possession of the lands so adjudged to the defendant in an action of ejectment, which, however, was decided in favor of the defendant April 30,

1891; and that judgment was affirmed by this court March 22, 1892.     81 Wis. 538, 541, 542, 51 N. W. 1011.     In the opinion of the court in that case, written by my Brother Winslow, it is said:

"We construe the fourth and fifth paragraphs of the will in question as vesting a present estate in fee in Thomas Sheridan.     Whether that estate be a base fee by reason of the condition attempted to be imposed by the fifth paragraph, or whether such condition be void because too indefinite to be enforced, is not material to the controversy before us, and is not decided.     The condition, if valid, is a condition upon which the estate of the nephews and nieces depends for its inception, and not the estate of Thomas.     Thomas thus having a present estate in the land, it was competent for the court in the divorce action to divest him of that estate, and vest it in the defendant, *Kate Sheridan*.     She therefore now possesses, by virtue of the divorce decree, all the estate which Thomas had."

It was further held in that case, in effect, that, as there was enough property in the hands of such administrator to pay all debts and legacies, he was not entitled to the possession of the lands described as against the defendant, under sec. 3823, Stats. 1898.     Manifestly, neither the judgment in the divorce action nor the judgment in the ejectment action gave to the defendant, or could give to the defendant, any greater right, title, or interest in the lands so awarded to her than was possessed by Thomas at the time such decree of divorce was made.     The question presented is whether the estate so vested in Thomas by the terms of the will, and then, by the judgment in the divorce action, transferred to and vested in the defendant, became extinguished in November, 1898, after the expiration of the ten years mentioned in the will.     The language of the will is unambiguous, and very plain.     Thomas was the only child of the testator.     He had no children, and nearly a year before the execution of the will he had left his wife and father, and gone to parts unknown.     The testator was, mani-

festly, apprehensive that he never would be heard from again, and that, if he ever should be heard from again, it would be "within ten years from" the day the will was so executed. Accordingly he devised and bequeathed "all the rest and residue and remainder" of his estate to Thomas, *provided* that, if he should "not be heard from within ten years from" the day of executing the will, then he willed, devised, and bequeathed his "property, both real and personal," to "be equally divided between" his "nephews and nieces," therein named, and who are the plaintiffs in this action. There is no pretense that Thomas has ever been heard of or from since the execution of the will. The county court and the circuit court expressly adjudged that he had never since been heard of or from. The contingency upon which the estate of Thomas was to be divested and the property to become vested in the plaintiffs actually and literally occurred. It is not the case of a condition annexed to the devise, which has become impossible by the act of God or the law or the devisor, as in some cases cited by counsel for the defendant. *Parker v. Parker,* 123 Mass. 584; *Burnham v. Burnham,* 79 Wis. 557, 566, 48 N. W. 661. There is nothing in the condition annexed to the devise contrary to law or public policy, or good morals, or *in terrorem.* Thus, a condition annexed to a bequest for the benefit of a church, "that the black gown shall be worn in the pulpit, unless there shall be any alteration in the law rendering it illegal," was held, on appeal, in a recent English case, to be valid. *In re Robinson—Wright v. Tugwell,* 1897, vol. 1, Ch. Div. 85. This court has held that a condition annexed to a bequest to the effect that the person to whom the gift is so made shall learn some useful trade, business, or profession, and is of good moral character, is valid. *Webster v. Morris,* 66 Wis. 386, 389, 28 N. W. 353. Numerous cases are there cited in support of the validity of such condition. See, also, *Fuller v. Wilbur,* 170 Mass. 507, 49 N. E. 916, and cases

there cited.   Thus, in a case cited by counsel for the plaintiffs, it is held:

"If a condition subsequent be followed by a limitation over in case the condition is not complied with, or there is a breach of it, it is termed a conditional limitation, and takes effect without any entry or claim, and no act is necessary to vest the estate in the party to whom it is limited." *Stearns v. Godfrey,* 16 Me. 158.

Such is the condition in question.   The same counsel cites other cases to the same effect. *Whiting v. Whiting,* 42 Minn. 548, 44 N. W. 1030; *Brattle Square Church v. Grant,* 3 Gray, 146, 147; *Leonard v. Burr,* 18 N. Y. 96; *Lougheed v. The Dykeman's B. Ch.* 129 N. Y. 211, 29 N. E. 249.   We must hold that the condition annexed to the devise, with the limitation over to the plaintiffs, in the case at bar, is binding; and that upon the expiration of the ten years the title to the land in question vested in the plaintiffs, as tenants in common.   This renders it unnecessary to consider the question of *res adjudicata.*

*By the Court.*—The judgment of the circuit court is affirmed.