OPINION
By HORNBECK, J.
This is an appeal on questions of law from a judgment of the Probate Court dismissing the petition of plaintiff. The plaintiff, as administratrix of the éstate of Clarisca M. Green, deceased, instituted her action for construction of Item VII of the last will and testament of Clarisca M. Green to the effect that the administratrix as personal representative of the estate of Charles L. Marshall, deceased, was entitled to a bequest wfhieh originally amounted to the sum of $1,000.00, under Item VII of the will of Clarisca M. Green. The Item is as follows:
“ITEM SEVEN. I Give, Devise and Bequeath to my brother Charles Marshall, the sum of one thousand ($1000.00) Dollars. At this time I do not know where my brother is located, but it is my wish that said money be placed upon interest in some safe investment and held for a period of ten years, and if my said brother is not heard from during that period of time, then it is my will that said money and its accumulations be divided equally among my own nieces and nephews, and the nieces and nephew of my deceased husband, Glenn Green, as follows — Pearl Darnell, Lexington, Kentucky; Marie Hess, Cincinnati, Ohio; Mary Klebahm, Cincinnati, Ohio; Robert DePoy, Cincinnati, Ohio; Earl DePoy, Cincinnati, Ohio; Lewis DePoy, St. Marys, Ohio; Katherine Kelly, Springfield, Ohio; Natle Green, Oakland, Illinois; Hortense Martin, Oakland, Illinois, and Dalton- Green of Gregory, Texas. It is further my will and desire, in the event any one of said nieces or nephews should die without heirs before this will takes effect, then that his or her share shall pass to and belong to the surviving nieces and nephews, share and share alike.”
The will was executed in 1936. The testatrix died in 1940. Charles L. Marshall has two living children, Catherine Kelly and Ralph Marshall, both adults. A former wife of Charles Marshall and the mother of the children secured a divorce from Charles Marshall in 1920.
In August, 1940, Catherine Kelly, as an heir at law of Charles L. Marshall, made application to the Probate Court of Champaign County under the “Presumed Decedents’ Act”, §10509-25, et seq., to declare the said Charles L. Marshall legally dead. Upon proceedings duly had, the Court entered a decree to the effect that Charles L. Marshall was presumptively dead and issued letters testamentary to plaintiff. Whereupon, the administratrix demanded of the executor of the estate of Clarisca M. Green the payment to her of the bequest created by Item VII of the will.
It is the claim of plaintiff that the legacy vested in Charles L, Marshall immediately upon the death of the testatrix; that the *336 condition in the Item is a condition subsequent which has become impossible of performance by operation of law; that the vested estate in Marshall is not divested by reason of his death but because thereof passes to his heirs at law. Counsel for plaintiff cites and relies upon the following cases,
Parker v Parker, 123 Mass., 584;
Burnham v Burnham, 79 Wis., 557; 48 N. W., 661;
Connor, et al v Sheridan, 116 Wis., 666, 93 N. W., 835.
We have been favored with the opinion of the trial judge who found that the legacy vested in Charles L. Marshall upon the death of the testatrix; that the Item carried a condition subsequent, which by reason of the terms thereof precluded the construction of the will as contended for by the plaintiff. We have carefully read the opinion and find it to be well reasoned and, in our judgment, sound in its conclusion.
To reduce the Item to the simplest terms, it would read substantially as follows,
I give to my brother, Charles Marshall, the sum of one thousand ($1000.00) dollars. At this time I do not know where my brother is located, * * * and if he is not heard from for a period of ten years, then said bequest, with accumulations, shall be divided equally among my nieces and nephews and the nieces and nephew of my deceased husband.
Whether or not the condition is precedent or subsequent, or a conditional limitation,- is, in our judgment, not controlling. If it is a condition subsequent, rhen, although the bequest was vested, the right to its possession did not subsist unless and until decedent’s brother was heard from within a period of ten years. If it is a condition precedent then its vesting and the right to possession accrues only upon observance of the condition, namely, the hearing from the brother during the period of ten years following the effective date of the will.
Upon full consideration of the whole Item, it could very well be held to be a condition precedent, as it meets all the elements of such a condition. t
“If the time for performance is expressly fixed or limited by the will, it tends to show that the condition is precedent rather than subsequent.” Page on Wills 753.
It has been held that when the sole question before the Court is whether a condition has been performed, it is not material whether it is precedent or subsequent. Boggus v Crail, 224 Ky. 97.
“If a valid and operative condition is broken, the gift fails whether the condition is precedent or subsequent.” Page on Wills 772.
The purpose and intent of the testator, as expressed in Item VII is clear. Whether the bequest vested in Charles Marshall at Testatrix’s death, or, whether it vested only when and if he was heard from, during a period of ten years after the probate of her will, it is clear that during the period up to ten years that he was not heard from the money was not to be given into his possession but to be held and invested. If he was heard from or appeared within the ten year period, he took the bequest with its increase. If he was not heard from during the ten year period, then at the conclusion of that period the bequest did not pass to the heirs at law of Charles Marshall but to those persons designated in the will and it passed *337 under the will and not by operation of law.
The heir at law who caused the proceedings to declare Charles Marshall dead, and the order of the court thereunder, was not a compliance with the condition, nor did such action preclude the performance of the condition. The sole effect of the action to declare Charles Marshall dead was to emphasize the fact that he had not been heard from for a period of seven years as this is the basis for the determination of the Probate Court that one is presumptively dead. But the order which the Court makes is only that Charles Marshall is presumptively dead and the Presumed Decedents’ Act recognizes that he may appear and sets up the procedure by which he may be restored to any real property or personal estate which he has lost by reason of the order. So, in this case, notwithstanding the order of the Probate Court, Charles Marshall may, within the period provided in the Item of the will, appear and claim the bequest to which he would be entitled. However, his heirs at law, if he be dead, •can not avoid the plain terms of the condition which clearly are not met by the declaration that he is presumptively dead because of the fact that he has not been heard from. If the presumption of ■death, arising by the order of the Probate Court, is never disturbed then clearly its effect would be to divest Charles Marshall of any right to the bequest because of the terms of the condition.
The theory of the plaintiff that the bequest was vested in Charles Marshall and that the condition became inoperative by operation of law as' announced in the cases cited, can not be given application because the operation of law which is invoked here, by its very terms and effect, causes the condition to operate against Charles Marshall and to divest him of any right to the legacy, if he in fact be dead.
We have examined the cases cited which, of course, are decided upon the facts there appearing and upon correct application of the principle controlling.
The principle of law upon which plaintiff relies is well recognized and may be stated,
“If a condition subsequent be possible at the time of making it, and becomes afterwards impossible to be complied with, either by the Act of God or of the law, or of the grantor, or if it be impssible at the time of making it, or against law, the estate of the grantee being once vested is not thereby devised but becomes absolute.” 4 Kents Comm. 130.
It will be noted, that one of the elements of the rule is that a condition which was possible of performance at the time the will became effective was afterwards impossibly to be complied with. Here nothing has occurred which makes it impossible to comply with the condition. If Charles Marshall should appear at any time within ten-years, clearly the order of the Probate Court that he is presumptively dead would be set aside and he being alive and being heard of, the condition would fully have been met.
Connor v Sheridan, supra, involved a will wherein the testator devised real estate to an absent son on condition that he return within ten years and provided further, if he did not return at the expiration of such time, the land should vest in certain nephews and nieces. Before the expiration of the time fixed, the son’s wife obtained a divorce from him and the court adjudged to her whatever interest the son had in the land devised *338 by the testator. The ten years having elapsed, the son not appearing, the nephews and nieces were held to be entitled to the land by virtue of the devise in the will as against the claim of the former wife of the son of testator. The Chief Justice in the opinion at page 836 said,
“The contingency upon which the estate of Thomas (the son) was to be devised and the property to become vested in the plaintiffs actually and literally occurred. It is not the case of a condition annexed to the devise which has become impossible by the Act of God or the law or the devisor * *
In Burnham v Burnham, supra, although the Court applied the principle contended for here, it was stated in the opinion that the codicil to the will under consideration did not in any way divert any part of the son’s (Daniel) share of the estate of his father from the line of descent where it would have gone under the statute had no codicil been made and Daniel had preserved the same and not disposed of it by will or otherwise. Daniel, the son, in the cited case, had died rendering it impossible that the condition of his father’s will could be observed.
Parker v Parker, supra, presents a will by the terms of which A devised certain real estate to his son B on the condition that B should provide for the support of his brother C. B failing to do so, the estate should go to D upon the same condition, but not otherwise. C died in the lifetime of the testator unmarried and without issue. It was held that the condition became impossible by the Act of God and that B had an absolute estate. It is obvious that there was an impossibility that the condition be performed because of the Act of God, namely, the death of the brother C.
There is no impossibility of performance in the instant case either by Act of God, nor by operation of law.
The purpose and effect of the proceedings to declare Charles Marshall presumptivey dead, if given the construction contended for by plaintiff, would not conform to the intent of the testatrix plainly stated in her will, but on the contrary would defeat that intent.
In our examination of the question here presented, we found a case having under consideration an item of a will much like the one here under consideration, although the question determined was of no help upon the issue drawn in this case. We refer to Re: McCourt’s Estate 120 Atl., 130.
The judgment will be affirmed.
GEIGER, PJ., & BARNES, J., concurring.