ADAMS *et al.* v. BERGER *et al.*

(*Supreme Court, Special Term, Erie County.* December, 1891.)

1. WILLS—CONSTRUCTION—CONFLICTING PROVISIONS.
    Where a will, after devising certain property to the testatrix's two sons, and certain other property in trust for the testatrix's daughter during life, provides that none of the said property shall be sold until 10 years after the testatrix's death, the latter provision is void, because repugnant to the former disposition of the property.

2. SAME—SUSPENDING ALIENATION—CONDITIONAL LIMITATIONS AS TO REALTY.
    A provision by which real property is devised to the testatrix's daughter for life, with remainder to the children of the daughter who shall survive, provided they attain the age of 21 years, and by which, if none of them attain that age, the estate is to go to the other grandchildren of the testatrix, and, if there are no grandchildren, then to her own sons, is not within 2 Rev. St. (6th Ed.) pp. 1101, 1102, §§ 15, 16, forbidding the suspension of the power of alienation for more than two lives in being at the creation of the estate, but within the exception therein mentioned, which provides that a contingent remainder may be created on a prior remainder, to take effect in the event that the persons to whom the first remainder is limited

shall die under the age of 21 years or upon any other contingency by which the estate of such persons may be determined before they attain full age. *Ward* v. *Ward,* 11 N. E. Rep. 373, 105 N. Y. 68, distinguished.

**3. SAME—PERSONALTY.**

Such a provision, however, is void as regards personal property, for the reason that 2 Rev. St. (6th Ed.) p. 1167, § 1, contains no such exception in favor of the minority of legatees as is contained in 2 Rev. St. pp. 1101, 1102, §§ 15, 16, but provides merely that the suspension of the power of absolute ownership over such property shall not exceed the lives of two persons in being at the decease of the testatrix.

**4. SAME—PARTIAL INVALIDITY.**

The fact that the provision of a will, relating to the disposition of certain personal property, after the determination of a life-estate, proves to be inoperative, does not affect the life-estate, or the other provisions of the will relating to the disposition of real property and the balance of the personalty.

Action by George W. Adams and another, executors, etc., against Frances A. Berger and others for the construction of a will.

*S. C. Adams,* for plaintiffs. *Lyman M. Baker,* guardian *ad litem* for infant defendants.

DANIELS, J. The action is brought by the plaintiffs to secure the construction of the will of Fanny Adams, deceased. The will was executed on or about the 17th of November, 1887, and the testatrix died on or about the 29th of December, 1889. The will was proved before the surrogate, and letters testamentary issued to the plaintiffs as executors named therein. By this will the testatrix intended to dispose of all her estate, both real and personal. She devised and gave the undivided two-thirds part of her real and personal property to her two sons, George W. and William H. Adams, the plaintiffs in the action. The other undivided third she gave and devised to the same persons in trust to collect the income, and pay over the same to her daughter, Frances A. Berger, during her natural life. These directions contained in the will are free from all ambiguity and uncertainty, and dispose of the estate to the extent already mentioned in favor of her three children. And it is not as to her directions concerning them that any controversy has arisen between them. The testatrix did add by a subsequent paragraph of the will that none of her estate should be sold, or divided, or partitioned until the full end of 10 years after her own decease. But, as the bequests and devises in favor of her two sons and of her daughter were clear and absolute in their terms, and beyond question vested the title to two undivided thirds of her property in her sons, this subsequent direction given by her was so far repugnant to the estate previously created by these directions; and, being repugnant to that estate, it was inoperative and void. *Craig* v. *Wells,* 11 N. Y. 315, 322; *Hill* v. *Priestly,* 52 N. Y. 635; *Oxley* v. *Lane,* 35 N. Y. 340, 346, 347. And, as no power of sale was given to the trustees, their estate, during the existence of the trust, was inalienable. And this clause could have no application to that unless the trust terminated within 10 years; and if it did, then this direction or restraint would be equally repugnant to the estate afterwards provided for by the language contained in the will.

The more important controversy relates to the disposition of this undivided third in remainder bequeathed and devised in trust for the life of this beneficiary. That has been resisted as unlawful on the ground of a failure to observe the directions of the statute forbidding the suspension of the power of alienation for more than two lives in being when the will took effect in the disposition of the property of the testatrix. By the direction contained in it, after the decease of her daughter, the testatrix gave, devised, and bequeathed this undivided third to the children of her daughter who should survive her, provided these children attain the age of 21 years. At the time of the decease of the testatrix there were three of these surviving children, and all under the age of 21 years; and, as the devise and bequest in favor of the children included all who should survive the daughter of the testatrix, it

comprehended a class of persons liable to be increased by the birth of subsequent children before the decease of the daughter of the testatrix. There was no separate gift of the property to either one of the children, but it was given to them in common, without distinguishing in any manner between them; and under this gift the property was designed to be vested in all the children who should survive their mother, the daughter of the testatrix, and attain the age of 21 years. 1 Jarm. Wills, (5th Ed.) 264-270; *Manier* v. *Phelps*, 15 Abb. N. C. 123, 127. And, as these children may all be under the age of 21 years at the time of the decease of their mother, the beneficiary in the trust, and two or more or all of them may die before either shall attain the age of 21 years, it is insisted that these directions contemplate an unlawful suspension of the power of alienation and of absolute ownership in the property. By the terms of the will the title in the remainder, subject to the trust-estate, vested in the children now living at the decease of the testatrix, subject, of course, to include such other or further children as might be born and survive the beneficiary. *Roome* v. *Phillips*, 24 N. Y. 463. And there was a possibility, accordingly, that the lives of all the children would terminate prior to the attainment of the majority of either, and in which event the testatrix made a further contingent disposition of this one-third of her estate. But it does not follow from this possibility that the power conferred by the statute for the limitation of future estates in land has been transcended. No trust was created in the property after the decease of the daughter of the testatrix, but a direct devise and bequest of it was made in that instance in favor of her children; and, while it is true that the statutes relating to future estates in lands forbid the suspension of the power of alienation for a longer period than during the continuance of not more than two lives in being at the creation of the estate, this prohibition has been made subject to a very important exception, which is equally applicable to this case, and that is that a contingent remainder may be created on a prior remainder, to take effect in the event that the persons to whom the first remainder is limited shall die under the age of 21 years, or upon any other contingency by which the estate of such persons may be determined before they attain their full age. 2 Rev. St. (6th Ed.) pp. 1101, 1102, §§ 15, 16. And the devise of this real estate appears to be protected by this exception, for under the broad language of the section containing it there can be no objection to the devise because of the fact that some of the persons intended to be benefited by the creation of the first remainder were not in being at the decease of the testatrix. The preceding section prescribing this limitation is wholly qualified by the section succeeding it, and permits persons to be included within the provision contained in the will, who may be born after the decease of the testatrix, but prior to the decease of her daughter, the beneficiary under the will. And this was generally considered to be permitted by the decision made in *Harrison* v. *Harrison*, 36 N. Y. 543, and it, of course, has not been affected by the *dictum* relied upon, which is contained in *Roe* v. *Vingut*, 117 N. Y. 204, 213, 22 N. E. Rep. 933.

But, under the effect which is required to be given to the will, all the children of Frances A. Berger living at the time of her decease will be seised of this undivided third of the real estate of the testatrix. But by the condition afterwards imposed, if either or any of these children should become deceased before attaining the age of 21 years, their interest in the land would necessarily cease; and, as the devise is made in favor of a class, the survivors, upon attaining the age of 21 years, will become possessed of the absolute title to the land; and that, these sections of the statute has provided for and permitted. And the dependence of the estate upon these minorities distinguishes this case from *Ward* v. *Ward*, 105 N. Y. 68, 11 N. E. Rep. 373. The power of alienation over the land, therefore, was no further suspended by the will than during the life-estate of the daughter of the testatrix who is to be bene-

fited by the trust, and during the minority of one or more or of all her children living at the time of her decease. This suspension of the power of alienation in no event could continue beyond the life of the beneficiary in the trust and the minority of her children. When that minority ceases to exist, the estate will be vested absolutely in the children becoming 21 years of age, or the ultimate contingent devisees, and the power of alienation be brought into existence. That this was the intention of the testatrix appears from her further direction that, if her daughter should die leaving no children surviving her, or the child or children which she should leave should not attain the age of 21 years, then the estate should be given over to the grandchildren of the testatrix; and, if there should be no grandchildren, that then it should go to her two sons, the plaintiffs in the action. In no event was the final vesting of the estate to the land to extend beyond the minority of the children of the daughter of the testatrix, and accordingly the directions given did not violate the restraint in this respect of the statute.

But as to the personal property of the testatrix, which was shown to amount to the sum or value of $6,672, one-third of which was subject to these directions, a different provision is applicable, and by that provision the absolute ownership of personal property cannot be suspended by any limitation or condition for a longer period than the continuance of not more than two lives in being at the date of the instrument containing the limitation or the condition; or, if such instrument be a will, for not more than two lives in being at the decease of the testator. 2 Rev. St. (6th Ed.) p. 1167, § 1. This statute contains no such exception in favor of the minority of the legatees as is contained in the statute relating to the creation of future estates in lands; but its provisions are direct and applicable in all cases, that the suspension of the power of absolute ownership shall not exceed the lives of two persons in being, in the case of a will, at the decease of the testator. *Manice* v. *Manice,* 43 N. Y. 305. And the directions contained in this will clearly exceed that restraint, for by the creation of the trust in favor of the daughter of the testatrix the absolute ownership of the personal estate was suspended for the period of the life of the daughter, and after that the title has been made to depend upon the contingency of at least one of the children of the daughter attaining the age of 21 years. And, if no other children should be born than those already existing, two of these children may die before either reaches the age of 21; and during the period of this uncertainty no person will be vested with the absolute title to this one-third of the personal estate. But the title during that time will depend upon this contingency: that at least one of these three children shall reach the age of 21 years; and, if other children should be born to the beneficiary in the trust, the uncertainty or contingency in the title would not determine until at least one of the entire class became 21 years of age; and before that event happened two or more of the children of Frances A. Berger may become deceased. It is plain, therefore, as to the personal estate, that this statute was contravened, and that a suspension of the power of absolute ownership has been provided for which the statute has not permitted. But it does not result from the illegality of these directions concerning one-third of the personal estate of the testatrix that the other provisions contained in her will are to be held to be inoperative. These provisions, so far as they create an absolute estate in the two sons of the testatrix in the land, and vesting them with the absolute title to two-thirds of the personal estate, and so far as they provide a life-estate in trust for the benefit of the daughter of the testatrix, are entirely complete, separate, and independent from these final provisions directing the ultimate disposition of one-third of the personal property; and, where that is the case, the law invalidates only so much of the will as shall be found to be in conflict with the provisions of the statute. *Adams* v. *Perry,* 43 N. Y. 487; *Harrison* v. *Harrison,* 36 N. Y. 543, 547, 548. This rule, in its application to this case, does not defeat the general

purposes or directions of the testatrix. Those which were primarily intended to take effect will all be preserved and maintained, and it is only those regarding the final disposition of one-third of the personal estate that must be held to be inoperative. These are separate and distinct subjects; the latter having no effect whatever upon the chief and principal purposes of the testatrix, which were to provide by her will for her own children. The result, therefore, must be that this will is to be held to be valid and in conformity to the law in all its directions except those given for the final disposition of one-third of the personal property after the decease of the daughter of the testatrix, and, as to that personal property, the testatrix must be held to have died intestate, leaving it to be divided and distributed among her next of kin after the decease of her daughter, Frances A. Berger; and judgment to that effect will be entered in the action.