WILLS—BEQUESTS—UNINCORPORATED RELIGIOUS SOCIETIES—VALIDITY.

> Notwithstanding Laws 1893, c. 701, providing that a bequest to a religious society shall not be invalid because of the indefiniteness of the beneficiary, a bequest to an unincorporated religious society, not naming the purpose for which it was made, was void, since the uncertainty was as to the use, none being named, and, the society being unincorporated, none could be presumed.

Judicial settlement of the account of the executor of the estate of Eleanor C. Scott, deceased. Decree declaring a bequest void.

Marquis D. Gould, for Unitarian Society.
Joseph K. Murray, for residuary legatees.

NOBLE, S.   The executor herein asks for a judicial determination and direction as to the distribution and payment of $1,000, mentioned in the will of Eleanor C. Scott, deceased, and in the following words:

"To the Unitarian Society of Flushing, the sum of $1,000, subject to the care of Rev. Russel N. Bellows, of New York, Mr. Moore, and John Clark, of Flushing."

The Unitarian Society were directed, by an order made January 26, 1900, to present to the surrogate their petition, containing a plain and concise statement of the facts, stating the basis of their claim. In this petition they pray that an order be made directing the executor to pay to the persons named in the aforementioned clause of the will the sum of $1,000, to be by them held, administered, invested, or applied for the benefit of the said Unitarian Society of Flushing. The claimants, the Unitarian Society of Flushing, base

their claims for this bequest upon the provisions of chapter 701 of the Laws of 1893. It is conceded that the Unitarian Society of Flushing is a voluntary association, but its purpose is nowhere patent on the record before me. Before the enactment of chapter 701 of the Laws of 1893, bequests to voluntary associations were void, and the reason for this was obvious, viz. indefiniteness of the person; and this is still the law of this state, with the exception that a gift, grant, bequest, or devise to religious, educational, charitable, or benevolent uses, which shall in other respects be valid under the laws of this state, shall not be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as beneficiaries thereunder in the instrument creating the same. From the argument of counsel, it is learned that the Unitarian Society of Flushing is a religious body, having for its purposes the dissemination of Christian doctrine. This fact in itself makes definite the person to whom it was intended to leave the bequest. This court, therefore, is not called upon to supply by construction or interpretation that which is already clear. But the fact that the Unitarian Society is a religious society does not in itself entitle it to the bequest made by Eleanor C. Scott, nor in this case to the benefits of chapter 701 of the Laws of 1893. Here it is clearly indicated that the gift, grant, bequest, or devise must be to religious, educational, charitable, or benevolent uses. The bequest must be for one of those purposes enumerated in the statute; otherwise, it is void. The bequest would be saved even if the person were indefinite or uncertain, but it cannot be saved when the object is not named. If it is claimed that a trust is created for the benefit of the Unitarian Society, the contention must fall to the ground, by reason of the fact that one of the elements of the creation of a trust is lacking, namely, the certainty of the purpose. It is true that if the Unitarian Society of Flushing had been incorporated by special law or under the general statutes, and had been authorized in this matter to take property by devise or bequest for any or all of the purposes named in chapter 701 of the Laws of 1893, such bequest, if made in the language of testatrix, would have been good, because in that case the purpose of the bequest would have been assumed to be for the objects of such a corporation. The case of Hull v. Pearson, 36 App. Div. 224, 55 N. Y. Supp. 324, cited by counsel for the Unitarian Society, has no application to the case under consideration.

The bequest of $1,000 to the Unitarian Society of Flushing is void. Let a decree be made directing the distribution of this bequest to the residuary legatees. Decreed accordingly.