---

SCHLERETH v. DIETRICH et al.

(Supreme Court, Appellate Division, First Department.  June 6, 1902.)

1. WILLS—EQUITABLE CONVERSION OF REALTY.

A will devising testator's real and personal estate to executors, with direction to sell and dispose thereof for the purpose of distributing the proceeds as directed, creates an equitable conversion of the real estate into personalty.

2. PERPETUITIES CREATED BY WILL—SUSPENSION OF OWNERSHIP OF PERSONALTY—VALIDITY.

A testator bequeathed personal property to executors, the income thereof to be paid to his daughter for life, and at her death to her issue until the youngest thereof became 21 years old, and then the whole trust estate to be divided among such issue, with a further limitation that, in the event that none of such issue should reach the age of 21 years, the estate should be distributed among certain named persons. Held, that both limitations were void, under Laws 1897, c. 417, § 2, forbidding the suspension by will of the absolute ownership of personal property for more than two lives in being at testator's death.

3. SAME—LIMITATION AFTER VOID LIMITATION.

A further limitation that if the daughter died without issue the estate should go to certain named persons was void, since the testator, having already provided for the suspension of the absolute ownership of the estate for a period longer than authorized under the statute, had no power to give further direction for the disposition of such ownership beyond that period.

4. SAME—LIFE ESTATE PRIOR TO VOID LIMITATION.

The daughter's life estate, not being dependent upon either of the invalid limitations, was not affected thereby.

Laughlin, J., dissenting.

Appeal from special term, New York county.

Action by Lydia Haberle Schlereth, individually and as executrix, against Susanna Dietrich and others, for construction of the will of Peter Fuchs. From a decree declaring the will void, except as to a life estate in plaintiff, defendants appeal. Affirmed.

Peter Fuchs died in the city of New York on the 29th day of December, 1898, leaving plaintiff, his daughter, his only child, and sole heir at law and next of kin. By the terms of his will and codicil, his daughter and one other were therein named as executors and trustees.  The will was duly admitted to probate in the city of New York; the plaintiff alone qualifying as executrix and trustee, the other executor and trustee refusing to act.  This action is brought for the construction of certain portions of the will.  The estate of the testator consisted of both real and personal property.  After bequeathing certain personal property to the plaintiff, the will gives all the rest and residue of the personal property and all the real property to the executors and trustees therein named, in trust, with direction to allow the plaintiff to occupy the dwelling at No. 77 Seventh street, rent free, and, upon her giving up her residence therein, to sell said premises, and dispose of the proceeds in the manner hereafter provided for the disposition of the residuary estate; to sell and dispose of the residuary estate, both real and personal, retaining such of the per-

sonal estate as may consist of mortgages as investments, and, after payment of debts, to hold the proceeds derived from the sale of the real and personal property, and the mortgages retained as investments, with power of reinvestment of the same, in trust for the following purposes: To pay the income therefrom to the plaintiff during her natural life. "After the death of my said daughter, Lydia Haberle, leaving issue born in lawful wedlock, I direct my trustee to pay over the said income to such issue in equal shares, each share and share alike, until the youngest of such issue shall have attained the age of twenty-one years, and then to divide and distribute the whole trust fund so held in trust among such issue in equal shares, each share and share alike. (8) In case my said daughter dies without leaving issue born in lawful wedlock, I direct my said trustees to pay over the whole trust fund then held by them unto the children of my brother-in-law, Johann Jacob Dietrich, * * * of Germany, and unto the children of my sister, Elizabeth Lenz, deceased, of * * * Germany, share and share alike. In case my said daughter dies leaving issue, but none of such issue should reach the age of twenty-one years, I direct my trustees to divide and distribute the whole trust fund among the persons and in the manner mentioned under subdivision 8 of this, my last will and testament." After testator's death the plaintiff gave up her residence at No. 77 Seventh street, and the property was sold, as was all the other real property, except one lot, and the proceeds thereof became part of the trust fund. The plaintiff was married to Dr. Schlereth on November 17, 1895. She has had the following issue: Irene Schlereth, born April 16, 1897, died September 16, 1897; Lydia Matilda Schlereth, born February 13, 1899, still living; Edgar Schlereth, born February 3, 1901, died August 14, 1901. The said infant Lydia Matilda Schlereth is made a party defendant to this action, as are all the children of the brother-in-law and sister mentioned above. The plaintiff contended at the trial that the will should be construed as follows: That the whole estate should be treated under the laws governing personal property, as the will directed the trustees to convert the real property into personal; that the trusts attempted to be created therein, with the exception of the trust created for the life of the plaintiff, are illegal and void, because they unlawfully suspend the absolute ownership of the testator's property; that the testator created a valid trust for the life of the plaintiff in his real and personal property, but otherwise died intestate as to said real and personal property; that by reason of such intestacy the real and personal property of the testator vested at his death in the plaintiff, his sole heir at law and next of kin, subject only to said trust for the life of the plaintiff. The contentions of the plaintiff were sustained by the court below, and from the judgment entered thereon all the remainder-men have appealed, except the defendant Lydia Matilda Schlereth, who does not dissent from the contentions of the plaintiff.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

A. B. Porter, for appellants.
Isaac Moss, for respondent Lydia Haberle Schlereth.
David B. Luckey, for respondent Lydia Matilda Schlereth.

HATCH, J. It is not contended by any of the parties to this appeal but that the will which is the subject of construction worked an equitable conversion of the testator's real property into personalty. Such is clearly the effect of the provisions of the will, and therefore the same is to be construed by the rules applicable to the bequest of personal property. The real question which the case presents is whether the gift over to the children of the testator's brother-in-law and the children of a sister, all living in Germany, is so dependent upon the validity of the seventh and ninth clauses of the

will that if the latter be held void, as repugnant to the statute of ac-
cumulations, the former must fall therewith. There can be no doubt,
we think, but that the bequests provided for in the seventh and ninth
clauses of the will are void, as being in contravention of the statute.
If the language of the will vested an estate in the children of the
testator's daughter at her death, then the provisions of the will would
be clearly valid, as the absolute ownership would not be suspended
beyond two lives in being at the date of the death of the testator,
even though there was postponement of distribution until the young-
est of such children should become 21 years of age. Such, how-
ever, are not the provisions of this instrument. The direction con-
tained in the seventh clause of the will is to pay over the income of
the trust estate to the issue in equal shares, each share and share
alike, until the youngest of such issue shall have attained the age
of 21 years, and then to divide and distribute the whole trust fund in
equal shares; and, by the ninth clause, in case the daughter died leav-
ing issue, but none of such issue should reach the age of 21 years, then
the direction was to divide and distribute the whole trust fund among
the persons named in the eighth clause of the will. Therefore by
virtue of these provisions it is evident that no title vested in the
children until the period of distribution arrived, and the time when
the title vests is the determining rule of construction under the stat-
ute. The gift over to the persons named in the eighth clause of
the will became vested at the earliest moment when title to the prop-
erty could vest under the terms of the will, and this carried it be-
yond two lives in being, and was therefore within the clear prohibi-
tion of the statute. It is also evident from the terms of the will
that the persons mentioned in the eighth clause were not vested with
any title to the property, nor could they take any title or interest
therein, except upon the termination of the two contingencies pro-
vided in the seventh and ninth clauses of the will. The eighth clause,
by the terms of these two clauses of the will, was dependent upon
the contingencies therein provided, as no title could vest until they
had happened. It seems to follow, therefore, that as the testator
made provision for the suspension of the absolute ownership of the
estate bequeathed, dependent upon the surviving of issue of the
daughter to 21 years of age, he was without power to give further
directions concerning the disposition of title to the property beyond
this period. Each one of these questions seems to have been clearly
and authoritatively determined in Greenland v. Waddell, 116 N. Y.
234, 22 N. E. 367, 15 Am. St. Rep. 400. There, as here, the gift
over was to certain named persons after the suspension of the power
of alienation for two lives, and it was held that the persons to whom
the bequests were made took no title or interest in the estate, that
the will was void, and that the testator died intestate with respect to
such property. There, as here, the direction contained in the will as
to the vesting of the estate was made dependent upon the time when
the distribution was to take effect. So that in all substantial respects,
and clearly so for all the purposes of construction, the present will
is like the will then before the court. The decision is therefore con-
trolling. The life estate provided for in the will is not dependent

upon the other provisions of the will. Adams **v.** Berger (Sup.) 18 N. Y. Supp. 33.

It follows that the decision of the trial court was correct, and the judgment entered thereon should be affirmed, with costs to the respondent, payable out of the estate. All concur, except LAUGH-LIN, J., who dissents.

LAUGHLIN, J. (dissenting). I consider the eighth clause of the will valid, and therefore dissent.