LYDIA HABERLE SCHLERETH, Individually and as Executrix of and Trustee under the Will of PETER FUCHS, Deceased, Respondent, *v.* LYDIA MATHILDA SCHLERETH, Respondent, and SUSANNA DIETRICH et al., Appellants.

WILL — SUSPENSION OF THE POWER OF ALIENATION — WHEN TRUST INVALID BECAUSE TERM THEREOF CANNOT BE MEASURED BY TWO LIVES IN BEING AT DEATH OF TESTATOR. A testator, whose only next of kin and heir at law was a married daughter whose only living issue was an infant daughter born about two months after testator's death, left a will giving all of his property to his executors in trust, directing them to sell his real estate and hold the proceeds thereof, together with his invested personal property, in trust, for the following purposes :

"1. (VI) To pay the income thereof to the daughter during her life;

"2. (VII) After her death leaving issue, to pay over said income to such issue in equal shares until the youngest of such issue shall have attained the age of twenty-one years and then to divide and distribute the whole trust fund so held among such issue in equal shares, each share and share alike;

"3. (VIII) In case the daughter dies without leaving issue, to pay over the whole trust fund to the children of his brother-in-law and sister, share and share alike;

"4. (IX) In case the daughter dies leaving issue, but none should reach the age of twenty-one years, to divide and distribute the whole trust fund among the children of his said brother-in-law and sister."

*Held,* that the trust provisions must be construed by the rules applicable to personal property, and since it is obvious from the 7th and 9th clauses that the trust fund was not only to remain undivided until the youngest of the issue left by testator's daughter should attain the age of twenty-one years, and that if none of such issue should reach that age, the fund should be divided among the beneficiaries named in the 8th clause, and that it is impossible to determine, until the happening of one or the other of such contingencies, between whom the division was to be made or in whom the testator intended the title to vest, the absolute ownership of the trust fund could not vest during the minority of the youngest child that should be born to testator's daughter during wedlock; consequently, the term during which such ownership was to be suspended was not to be measured by two lives in being at the death of the testator, but by the life of his daughter, and then by the majority of the youngest child that should have been born to her and be living at the time of her death, and might be suspended during the life and minority of a person not in being

at the death of the testator; the attempted trust, therefore, is in con-
travention of the statute and void except in so far as it creates a trust for
the life of testator's daughter.

  *Schlereth* v. *Schlereth,* 73 App. Div. 283, affirmed.

  (Argued January 15, 1903; decided February 10, 1903.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered June
27, 1902, which affirmed a judgment of Special Term con-
struing the will of Peter Fuchs, deceased.

  The facts, so far as material, are stated in the opinion.

  *Anthony B. Porter* and *John B. Pannes* for appellants.
The testator's intentions for the disposition of his estate appear
by the will and should be carried out if possible.  (*Matter of
Steinway,* 163 N. Y. 183; *Matter of Tilden,* 130 N. Y. 29;
*Matter of Mead,* 135 N. Y. 255; *Matter of Bowdich,* 138
N. Y. 222.)   The 8th clause of the will is valid, as it is not
dependent upon an invalid clause, nor is it in itself repugnant
to the statute; it should be retained and read with the valid
6th clause.  (*Williams* v. *Conrad,* 30 Barb. 524; *Matter of
Tilden,* 130 N. Y. 29; *Matter of Steinway,* 163 N. Y. 183.)
Valid and invalid provisions of a will may be separated and
the instrument enforced accordingly.  (*Matter of Kalisch,*
166 N. Y. 368; *Matter of Clark,* 160 N. Y. 313; *Matter of
Tilden,* 130 N. Y. 29; *Matter of Kennedy,* 105 N. Y. 134.)

  *Isaac Moss* for plaintiff, respondent.   The will creates an
equitable conversion of all the property of the testator into
personalty, and the trusts therein must, therefore, be con-
strued under the provisions of the Revised Statutes governing
personal property.  (*Phelps* v. *Pond,* 23 N. Y. 69; *Powers*
v. *Cassidy,* 79 N. Y. 602; *Lent* v. *Howard,* 89 N. Y. 169;
*Greenland* v. *Waddell,* 116 N. Y. 234.)   The absolute owner-
ship of personal property is suspended under the trusts created
by this will within the meaning of the statute.  (*Converse* v.
*Kellogg,* 7 Barb. 590; *Steinway* v. *Steinway,* 10 Misc. Rep.

563.) The suspension of the absolute ownership of personal property, caused by the creation of the trusts, for the issue of the plaintiff, in the 7th paragraph of this will, is repugnant to the statute and illegal and void, because it is measured, not by lives in being at the death of the testator, but by lives in being at the death of a person other than the testator, to wit, the plaintiff herein. (*Greenland* v. *Waddell*, 116 N. Y. 234; *Adams* v. *Berger*, 18 N. Y. Supp. 33.) The trusts herein are rendered still more repugnant to the statute by being limited upon the lives not only of the children but of all the issue of the plaintiff. (*Palmer* v. *Horn*, 84 N. Y. 516; *Matter of Hopkins*, L. R. [9 Ch. Div.] 131; *Soper* v. *Brown*, 136 N. Y. 244.) The trusts herein are subject to the further infirmity that they may continue for the lives of more than two persons and thus violate the provision of the statute forbidding any suspension for more than two lives. (*Benedict* v. *Webb*, 98 N. Y. 460; Chaplin on Susp. Power of Alienation, 57; *Hawley* v. *James*, 16 Wend. 62; *Greenland* v. *Waddell*, 116 N. Y. 234; *Adams* v. *Berger*, 18 N. Y. Supp. 33.) That the suspension herein might terminate within two minorities does not avoid the statute. A suspension to be good must terminate within the prescribed period. (*Knox* v. *Jones*, 47 N. Y. 389; *Haynes* v. *Sherman*, 117 N. Y. 433.) The power of sale given to the executors and trustees herein cannot remove the ban of the illegal suspension, as the proceeds of the sales must be held upon the trusts established by the will. (*Brewer* v. *Brewer*, 11 Hun, 147; *Hobson* v. *Hale*, 95 N. Y. 588; *Cruikshank* v. *Home for the Friendless*, 113 N. Y. 337.) The invalid trusts cannot be upheld as powers in trust. (L. 1896, ch. 547, § 79; *Tilden* v. *Green*, 130 N. Y. 29.) The intervening trusts for the issue of the plaintiff being invalid, the contingent remainders to the appellants Dietrich and Lenz, based upon the default of such issue reaching the age of twenty-one years, created by the 9th paragraph of the will, must fall with them. (*Greenland* v. *Waddell*, 116 N. Y. 234; *Adams Case*, 18 N. Y. Supp. 33.) Appellants err in contending that if the 8th paragraph be permitted to stand alone, the intention of the

testator will be substantially carried into effect. (*Greenland*
v. *Waddell*, 116 N. Y. 234; *Clark* v. *Cammann*, 160 N. Y.
315.) The 8th paragraph is only a subordinate part of the
general scheme of this will, and must stand or fall with the
whole. (*Clark* v. *Cammann*, 160 N. Y. 315; *Tilden* v.
*Green*, 130 N. Y. 29.)

*David B. Luckey* and *John J. Schwartz* for defendant,
respondent. The trusts created under this will for the issue
of the plaintiff and the contingent remainders limited to the
defendants Dietrich and Lenz, upon the default of the issue
of the plaintiff reaching the age of twenty-one years, appear
to be illegal and void. (*Greenland* v. *Waddell*, 116 N. Y.
234; *Adams* v. *Berger*, 18 N. Y. Supp. 33.)

MARTIN, J. This action was to procure a construction of
certain portions of the will of Peter Fuchs, deceased. He
died December 29, 1898, leaving no widow, but leaving a
daughter, the plaintiff in this action, who is his only next of
kin and heir at law.

The testator's estate consisted of both real and personal
property. After bequeathing certain specific personal prop-
erty to the plaintiff, the rest and residue of the personal, and
all his real, property was given by his will to his executors
and trustees, in trust, to sell and dispose of the residuary
estate, real and personal, retaining as investments such as may
consist of mortgages, and after the payment of his debts to
hold the proceeds derived from such sale and the mortgages
retained, in trust, for the following purposes:

1. (VI) To pay the income thereof to the plaintiff during
her life;

2. (VII) After her death leaving issue, to pay over said
income to such issue in equal shares until the youngest of
such issue shall have attained the age of twenty-one years and
then to divide and distribute the whole trust fund so held
among such issue in equal shares, each share and share alike;

3. (VIII) In case the plaintiff dies without leaving issue,

to pay over the whole trust fund to the children of his brother-in-law and sister, share and share alike;

4. (IX) In case the plaintiff dies leaving issue, but none should reach the age of twenty-one years, to divide and distribute the whole trust fund among the children of his said brother-in-law and sister.

After the testator's death all the real property, except one lot, was sold, and the proceeds thereof became a part of the trust fund. The defendant Lydia Mathilda Schlereth is a daughter of the plaintiff and her only living issue. She was born in lawful wedlock on the thirteenth day of February, 1899, was *en ventre sa mere* at the death of the testator, and is now an infant about four years of age. The testator's will was duly admitted to probate on the twenty-sixth day of January, 1899. The United States Trust Company, Max F. Keller and the plaintiff were named as executors and trustees therein, but the plaintiff alone qualified and was and still is the sole acting executrix and trustee. She was married November 17, 1895, to Dr. William Schlereth, by whom she had three children : Irene, born April 16, 1897, and died September 16, 1898 ; Edgar, born February 3, 1901, and died August 24, 1901, and Lydia Mathilda, born February 13, 1899, and who is still living.

On the trial the plaintiff contended that the trust attempted to be created by the testator's will, with the exception of that contained in the sixth clause, was illegal and void because it created a suspension of the absolute ownership of the testator's personal property for more than two lives in being at his death ; that a valid trust was created for the life of the plaintiff, but otherwise he died intestate, and that the property of the testator vested at his death in the plaintiff as his sole heir at law and next of kin, subject only to the trust for her life. From this claim the defendant Lydia Mathilda did not dissent. The other defendants, however, insist that the trust for the issue of the plaintiff with a contingent remainder for themselves was valid, and also that the latter was valid even though the former was void.

The trial court held that the testator died intestate as to all his estate except as to the trust for the life of the plaintiff, and that she, as sole heir and next of kin, was entitled to the absolute ownership of all his property, subject only to the trust for her life. The defendants, other than the defendant Lydia Mathilda, appealed to the Appellate Division, where the judgment was affirmed. They then appealed to this court.

Upon the argument it was conceded by the defendant Lydia Mathilda that the seventh, eighth and ninth clauses of the will are invalid. The appellants, however, without denying that the seventh and ninth clauses are invalid, contend that in any event the eighth is valid as it is not dependent upon any invalid clause in the will or in itself repugnant to the statute, and, hence, that it should be retained and read with the sixth clause which is concededly valid.

It is practically admitted by all parties that the will under consideration worked an equitable conversion of the testator's real property into personalty. Such is the obvious effect of the provisions of the will, and, hence, it is to be construed by the rules applicable to wills of personal property. Although the defendant Lydia Mathilda is to be regarded as in being at the death of the testator, it makes no difference in the determination of the question whether there was an illegal suspension of absolute ownership or as to the validity of the seventh, eighth and ninth provisions of the will.

The seventh clause provides that after the death of the plaintiff leaving issue the trustees are to pay over the income to such issue, share and share alike, until the youngest shall have attained the age of twenty-one years, and then they are to divide the whole estate among such issue in equal shares. From this provision it is obvious that the testator intended to make a future and not a present gift. There are no words of gift therein except by a direction to the trustees to pay or divide at a future time. That under such circumstances the vesting in the beneficiaries will not take place or the future executory limitations take effect until such future time arrives,

29

is fully established by the decisions of this court. ( *Warner v. Durant*, 76 N. Y. 133, 136 ; *Smith* v. *Edwards*, 88 N. Y. 92, 103 ; *Delaney* v. *McCormack*, 88 N. Y. 174, 183 ; *Delafield* v. *Shipman*, 103 N. Y. 463, 467 ; *Shipman* v. *Rollins*, 98 N. Y. 311 ; *Matter of Crane*, 164 N. Y. 71.)

Thus it is obvious that the income and *corpus* of the estate was, by the testator, intended to be applied and divided among the persons answering the description contained in the seventh clause of the will at the time when such application or division was. to be made. As the gift was not a present one, but in the future, it is not to be ranked with those where the payment or division only is deferred, but is one where time is of the essence of the gift. The income being payable over in equal shares to the issue of the plaintiff surviving her until the youngest should have attained the age of twenty-one years, and then the *corpus* of the estate being divisible between them, manifestly the purpose of the testator was not only to provide for the child of the plaintiff then *en ventre sa mere*, but also to provide for any and all of her children that should be living at the time of her death. Thus the time during which the absolute ownership of the estate was to be suspended was not measured by two lives in being at the death of the testator, but by the life of the plaintiff, and then by the majority of the youngest child that should have been born to her and living at the time of her death. If this provision of the will is to be thus interpreted, then plainly absolute ownership might be suspended during the life or majority of a person not in being at the death of the testator, and is clearly in contravention of the statute.

That such was the purpose of the testator is obvious from the provisions of the seventh clause, as the trust fund was not to be divided until the youngest of the issue left by the plaintiff at her death attained the age of twenty-one years. Until that time it was not only to remain undivided, but it was likewise impossible to determine between whom the division was to be made or in whom he intended the title to vest. Moreover, that the time when it was to be determined between

whom the trust estate was to be divided was, when such youngest child should attain its majority, is rendered more manifest by the ninth clause, which provides that if none of her issue should reach that age the property should be divided between the defendants other than Lydia Mathilda. Therefore, before it could be determined to whom the *corpus* was to pass, the youngest, and, consequently, all of the plaintiff's children must have attained their majority unless they had previously died. If the will be not thus interpreted, upon the death of Lydia Mathilda and the subsequent death of the plaintiff, leaving other children who have not attained their majority, the absolute ownership would be suspended during their minority or until their death, and this would be true as to each, though there were several. Therefore, when we consider the whole will, the only conclusion that seems permissible is that it was the intent of the testator that the absolute ownership of the trust fund should not vest during the minority of the youngest child that should be born to the plaintiff during her wedlock, and, consequently, was in contravention of the statute relating to the subject.

Section two of the Personal Property Law (L. 1897, ch. 417), declares : " The absolute ownership of personal property shall not be suspended by any limitation or condition, for a longer period than during the continuance and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition ; or, if such instrument be a will, for not more than two lives in being at the death of the testator ; in other respects limitations of future or contingent interests in personal property, are subject to the rules prescribed in relation to future estates in real property." The Real Property Law (L. 1896, ch. 547), relating to future estates provides : " Where a remainder shall be limited to take effect on the death of any person without heirs, or heirs of his body, or without issue, the words 'heirs' or 'issue' shall be construed to mean heirs or issue, living at the death of the person named as ancestor." (§ 38.) If the provisions contained in section two of the Personal Property Law are subject to the

rule prescribed by section thirty-eight in relation to future estates in real property, it would seem that the issue referred to in the seventh clause of the will should be interpreted to mean the issue of the plaintiff living at her death. Moreover, the decisions of this court seem to be to the same effect. In *Matter of Baer* (147 N. Y. 348, 354) this court held that where final division and distribution is to be made among a class the benefits of the will must be confined to those persons who come within the appropriate category at the date when the distribution is directed to be made. (*Bisson* v. *West Shore R. R. Co.*, 143 N. Y. 125; *Goebel* v. *Wolf*, 113 N. Y. 405, 411; *Teed* v. *Morton*, 60 N. Y. 502, 506; *Matter of Smith*, 131 N. Y. 239, 247.) In the *Baer* case the court said: " While this rule is sometimes made to yield to indications of a contrary intent in the will, yet it may be said to be a general rule." (*McGillis* v. *McGillis*, 154 N. Y. 532; *Clark* v. *Cammann*, 160 N. Y. 315; *Rudd* v. *Cornell*, 171 N. Y. 114, 122; *Matter of Crane*, 164 N. Y. 71.)

Thus far we have considered this question independently of the decisions in *Greenland* v. *Waddell* (116 N. Y. 234, 244) and *Adams* v. *Berger* (18 N. Y. Supp. 33), upon which the courts below relied and based their decision in the case at bar. In *Greenland* v. *Waddell* one B. died seized of the premises in question, leaving her surviving a brother and two sisters, S. and A., her only heirs at law, and leaving a will by which she gave her entire estate, real and personal, to her executors, in trust, with power and directions to sell and distribute the proceeds to her brother and sister S., each one-third, the income of the other one-third to be paid to A. during the joint lives of herself and husband. If she survived him she was to take the *corpus* of the fund ; if she died before him leaving lawful issue the income to be paid for their benefit until the youngest should reach the age of twenty-one years, and then the principal to be paid to them ; in case of the death of A. without leaving issue, or if all of said issue died before reaching the age of twenty-one, the fund to go to the brother and S. At the time of the death of the testatrix

A. had no children living. It was held that by the will there was an equitable conversion of the real estate into personalty; that the provision therein as to the children of A. was void, being in contravention of the statute forbidding the suspension of the absolute ownership of personal property for more than two lives in being, and that the testatrix died intestate as to that part of her estate. In discussing that case BRADLEY, J., said : " At the time of the death of the testatrix Mrs. Bush had no children living, and she never has had any. But assuming that she does not survive her husband, and that on her death she leaves children surviving her under the age of twenty-one years, the inquiry arises whether the limitation over to them is valid, and that depends upon the determination of the further question whether the absolute ownership would then vest in such children. If it would there would be no unlawful suspension. Otherwise it is difficult to see how the provision made for them by the will can be supported. The will does not in terms give the fund to the children, but directs the executors, in the events mentioned, to pay it to them. The postponement of the time of payment of a gift is not important, that alone will not qualify the absolute character of the ownership. The vesting of it is suspended if some period in the future is annexed to the substance of the gift. In the present case the conditions upon which the right of the children to take the fund depend are to or may arise in the future, beyond the time of the death of the mother, and the contingency is uncertain. The children must reach the age of twenty-one years, and if they do not, the fact that the direction is that the fund go to Mr. Boerum and Mrs. Vandeveer is not consistent with the vesting of the absolute ownership in the children on the death of their mother. It is, therefore, clear that, in the case supposed and which may arise if Mrs. Bush should leave children her surviving, the observance of the direction of the will will operate to suspend the absolute ownership of the fund for some period of time after her death. (*Batsford* v. *Kebbell*, 3 Ves. 363; *Patterson* v. *Ellis*, 11 Wend. 259; *Warner* v. *Durant*, 76 N. Y. 133;

*Delaney* v. *McCormack*, 88 N. Y. 174, 183.) Such suspension being for a time not dependent upon lives and not more than two in being at the time of the death of the testatrix renders the limitation over void unless it is saved by some provision of the statute. We find none in its support. While the suspension of the absolute power of alienation of real estate may be extended beyond two lives limited so as to embrace the period of minority of a child to whom the remainder is limited, and such suspension may be created by a contingent limitation of the fee, our attention is called to no statute qualifying in that or any manner the effect of the provision before referred to limiting the time of suspension of the absolute ownership of personal property. The consequence seems to be that the direction of the testatrix by her will to pay the fund to such children in the event mentioned or on their failure to arrive at the age of majority to pay it to Mr. Boerum and Mrs. Vandeveer was in contravention of the statute and void. (*Manice* v. *Manice*, 43 N. Y. 303.) " (*Woodgate* v. *Fleet*, 64 N. Y. 566, 572; *Beardsley* v. *Hotchkiss*, 96 N. Y. 201.) The case of *Adams* v. *Berger* is to the same effect.

Thus we see that the *Greenland* case was in all essential respects identical with the case at bar. As it seems to have never been questioned or disapproved, but to have been in principle sustained by many other cases, I think it is decisive of this case, that the decisions of the courts below were correct and should be affirmed, with costs to all parties payable out of the trust fund.

Parker, Ch. J., Bartlett, Haight, Vann and Werner, JJ., concur; Gray, J., absent.

Judgment affirmed.