WAIT v. SOCIETY FOR POLITICAL STUDY OF NEW YORK CITY et al.

(Supreme Court, Special Term, New York County. June 6, 1910.)

**1.** TRUSTS (§ 34\*)—DEPOSIT OF MONEY IN BANK.

    Where a testatrix, who held bank books in her name as trustee for individuals named, did not revoke the trusts before her death, and her will bequeathed two of them to the beneficiaries, but did not mention the others, all the beneficiaries take as cestuis que trustent of the respective trusts.

    [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 44; Dec. Dig. § 34.\*]

**2.** WILLS (§ 10\*)—CAPACITY TO TAKE BY DEVISE OR BEQUEST—UNINCORPORATED ASSOCIATION.

    A society for political study, having been an unincorporated association at the death of testatrix, cannot take bequests in its favor, though it has since been organized as a corporation.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 19; Dec. Dig. § 10.\*]

**3.** WILLS (§ 10\*)—CAPACITY TO TAKE BY DEVISE OR BEQUEST—ASSOCIATION OR CORPORATION.

    Where testatrix bequeathed to an executor bonds and certificates of deposit, the proceeds from the principal and interest derived therefrom to be distributed, one-half to a society for political study, the society, being incorporated at testatrix's death, though incorporated before the time for distribution by the executor, has not capacity to take the bequest, on the theory that the time for distribution was postponed by the will, since the will purported to give a vested interest on testatrix's death.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 19; Dec. Dig. § 10.\*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. CHARITIES (§ 22*)—PURPOSE OF GIFT.

A bequest to the Society for Political Study of New York City, an unincorporated association, is not rendered valid by Laws 1893, c. 701, § 1, providing that no bequest to religious, educational, charitable, or benevolent uses shall be deemed invalid by reason of indefiniteness or uncertainty of the persons designated as beneficiaries; the purposes of the society not being shown, except by its name.

[Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 51–56; Dec. Dig. § 22.*]

5. WILLS (§ 515*)—CONSTRUCTION—DESIGNATION OF BENEFICIARY.

Under Laws 1893, c. 701, § 1, providing that no bequest to religious, educational, charitable, or benevolent uses shall be deemed invalid by reason of indefiniteness or uncertainty of the persons designated as beneficiaries, a bequest to the "Woman's Health Protective Association of New York City" is sufficient as a bequest to the corporation known as the "Ladies' Health Protective Association of the City of New York."

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1110; Dec. Dig. § 515.*]

6. CHARITIES (§ 21*)—VALIDITY—CAPACITY TO TAKE BY BEQUEST—STATUTORY PROVISION.

An absolute gift by will to an unincorporated association, organized to educate its members in vocal music and to assist deserving young people who had insufficient means in getting a musical education, is not rendered valid by Laws 1893, c. 701, § 1, providing that no bequest to religious, educational, charitable, or benevolent uses shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as beneficiaries.

[Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 44–50; Dec. Dig. § 21.*]

Action by William Bell Wait, Jr., as executor of the estate of Theresa Barcalow, against the Society for Political Study of New York City and others, for the construction of a will. Decision and interlocutory judgment for plaintiff.

Rufus B. Cowing, Jr. (Henry C. White, of counsel), for plaintiff.

Menken Bros., for defendant Society for Political Study.

Hurry & Dutton (John A. Dutton, of counsel), for defendants Dennison and Otis.

Thompson, Vanderpoel & Freedman, for defendant Coles.

Fanny H. Carpenter, for defendant Sorosis Carol Club.

Rose & Putzel (Louis S. Ehrich, Jr., of counsel), for defendant Woman's Health Protective Ass'n.

GIEGERICH, J. The action is for the construction of the will of Theresa Barcalow, who died in the borough of Manhattan, New York City, on June 12, 1908, unmarried, and leaving her surviving neither parents, children, issue of deceased children, nor brothers, nor sisters; her only heirs and next of kin being nephews, nieces, greatnephews and greatnieces. All of the decedent's property consisted of personalty and amounted to upwards of $7,000, made up as follows: (1) Cash, $29.72. (2) Jewelry, household and personal effects, of nominal value. (3) Pass book No. 321,701 in Union Dime Savings Institution, in the name of Theresa Barcalow, in trust for Emma B. Coles; the apparent balance on June 12, 1908, being $207.56. (4) Pass book No. 321,-700 in Union Dime Savings Institution, in the name of Theresa Barcalow, in trust for Augusta W. Barcalow; the apparent balance on

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

June 12, 1908, being $160.88.  (5) Pass book No. 100,780 in Irving Savings Institution, in the name of Theresa Barcalow, in trust for Carrie F. Lovell; the apparent balance on June 12, 1908, being $395. (6) Pass book No. 100,779 in Irving Savings Institution, in the name of Theresa Barcalow, in trust for Jeanette S. Otis; the apparent balance on June 12, 1908, being $110.07.  (7) Pass book No. 78,799 in Irving Savings Institution, in the name of Theresa Barcalow, in trust for Dimies T. S. Dennison; the apparent balance on June 12, 1908, being $106.12.  (8) Four savings bank pass books, in the name of Theresa Barcalow, showing an apparent aggregate balance on June 12, 1908, of $4,545.68.  (9) Four certificates of deposit of debenture bonds of the J. B. Watkins Land Mortgage Company, issued by the Farmers' Loan & Trust Company of New York, as follows:  No. 2,257, $200; No. 2,222, $200; No. 132, $2,000; No. 133, $2,000.  These certificates of deposit had attached thereto certain coupons representing portions of the principal of the bonds represented by each certificate respectively, which coupons became payable when and as the Farmers' Loan & Trust Company were able to dispose of the lands held as security for the bonds.  On December 8, 1908, the executor collected coupons from these certificates, $1,540.  Whether any further amounts will be paid on these certificates the executor is unable to determine.

By clause 2 of her will the decedent bequeathed the money standing in her name as trustee in the Union Dime Savings Bank and evidenced by pass book No. 321,700 to Augusta Wood Barcalow, the beneficiary named therein.  By clause 3 of her will the decedent bequeathed the money standing in her name as trustee in the Union Dime Savings Bank and evidenced by pass book No. 321,701 to Emma B. Coles, the beneficiary named therein.  By clause 4 of her will the decedent bequeathed the money standing in her name as trustee in the Irving Savings Institution and evidenced by pass book No. 100,780 to Carrie F. Lovell, the beneficiary named therein.  No mention whatever is made in the will of the two savings bank books, numbered, respectively, 100,779 and 78,799, in the Irving Savings Institution, standing in the name of Theresa Barcalow, in trust for Jeanette S. Otis and Dimies T. S. Dennison, respectively.  The questions arise as to the fifth, seventh, and tenth clauses of the will, which read as follows:

"(5) I give to my executor in trust four debenture bonds of the J. B. Watkins Land Mortgage Company—numbered 904, series A9, for $2,000; 905, series A9, for $2,000; 995, series A9, for $200; 2401, series A18, for $200— together with the four certificates of deposit for the said bonds of the Farmers' Loan & Trust Company of New York City held by me, and numbered respectively 132, 133, 2,222 and 2,257, the proceeds from the principal and interest derived from the said bonds to be distributed as follows: One-half to the Woman's Health Protective Association of New York City, and one-half to the Society for Political Study of New York City.  I hereby empower my executor to take any action in regard to the said bonds, and the proceeds and income therefrom before the distribution of the same, that he may deem proper."

"(7) I give and bequeath to the Sorosis Carol Club the sum of $200, provided the said club is in existence at the time of my decease."

"(10) All the rest and residue of my estate I give as follows: One-third to the said the Woman's Health Protective Association, one-third to the said the Society for Political Study, and one-third to the said the Society for Pro-

viding Evangelical Religious Literature for the Blind, for its permanent fund, as per item 8."

It is unnecessary to determine whether the deposits in the savings banks constituted perfect express trusts during the lifetime of the decedent. She died without revoking them, and there is nothing in the case to overcome the presumption, which thereupon arose, that the trusts were absolute as to the balances on deposit at the time of her death. Matter of Totten, 179 N. Y. 112, 124, 71 N. E. 748, 70 L. R. A. 711. The persons named as beneficiaries in the five pass books, therefore, take as cestuis que trustent of the respective trusts and not as legatees under the will.

The Society for Political Study of New York City, having been an unincorporated association at the time of the death of the testatrix, cannot take the bequests intended in its favor. Downing v. Marshall, 23 N. Y. 366, 382, 80 Am. Dec. 290; Fralick v. Lyford, 107 App. Div. 543, 95 N. Y. Supp. 433, affirmed 187 N. Y. 524, 79 N. E. 1105; Matter of Scott, 31 Misc. Rep. 85, 64 N. Y. Supp. 577. I think it is immaterial that it has since been organized as a corporation. This is clearly so as to the residuary bequest; but it is urged that as the legacy contained in paragraph 5 of the will gives the bonds to the executor in trust, and provides that the proceeds thereof are to be distributed to the persons designated, and as the society had been incorporated before the executor had collected the entire principal, and before he had distributed or was ready to distribute any of it, the society is now capable of taking the bequest and is entitled to receive it. This contention is based upon the rule that where a devise or bequest is intended to be vested in the beneficiary, not at the death of the testator, but at some later time, it is immaterial whether the beneficiary is capable of taking at the time of the death, provided he is capable at the time when the gift is intended to become vested. Lougheed v. Dykeman's Baptist Church, 129 N. Y. 211, 29 N. E. 249, 14 L. R. A. 410.

It is urged in support of this claim that the bequest here is to the executor, and that the only gift to the society is to be found in the direction to the executor to distribute one-half of the principal and interest to the society. Consequently the rule is invoked that, where the only gift is one expressed in a direction to the executor to distribute at a future time, the time of vesting in the beneficiary will be taken to be the time fixed for the distribution, and not the time of the testator's death. Schlereth v. Schlereth, 173 N. Y. 444, 449, 66 N. E. 130, 93 Am. St. Rep. 616. But that is merely a rule of construction intended to aid in ascertaining the intention of the testator (Matter of Tienken, 131 N. Y. 391, 409, 30 N. E. 109; Matter of Young, 145 N. Y. 535, 538, 40 N. E. 226), and it only applies to those cases in which the intention to postpone a distribution until some future time is an essential part of the testamentary provision (Matter of Baer, 147 N. Y. 348, 354, 41 N. E. 702, and cases cited). In the present case, it is true, the only gift to the society is found in the direction to the trustee to distribute to it a certain part of the trust fund. But no intention to postpone such distribution to any fixed or determinate future time is apparent, nor is the interest of the society made to depend upon any contingency. Of course, the executor could not distribute the "proceeds from the

principal and interest" of the bonds until they had first been collected or otherwise turned into money. This was, however, a mere detail of the administration of the estate, and it is impossible to hold that the interest of the society was not to become vested until the bonds had been converted into money. There was nothing uncertain or contingent about the gift, and the right of the society to receive it was clearly intended to become fixed upon the death of the testatrix. Its possession of the corpus of the gift, like the possession of other legatees, might be deferred more or less according to the progress of the administration of the estate. But that, of course, is of no importance, so long as the right ultimately to receive the gift was vested and was not subject to be divested. Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388, 10 Am. St. Rep. 464. I am therefore of the opinion that the attempted gifts to this organization must fail.

Nor can such attempted gifts be saved by the provisions of chapter 701 of the Laws of 1893. These provisions, as will hereinafter appear, have been invoked in aid of the legacy to the Sorosis Carol Club, and which, so far as need to be quoted, read as follows:

"Section 1. No gift, grant, bequest or devise to religious, educational, charitable or benevolent uses, which shall in other respects be valid under the laws of this state, shall or be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same."

In order to save a gift under the provisions of the above act, it must appear in the will that the purposes of the gift are of the character named in the statute, as will be hereafter shown. In the case of the attempted gift to the association under consideration, there was no attempt made to state what its purposes were, nor any indication given except such as is contained in the name itself. There appears to be no doubt that the "Ladies' Health Protective Association of the City of New York" is the corporation intended to be described by the testatrix by the name "Woman's Health Protective Association of New York City," and it is consequently entitled to take the legacy so given.

The Sorosis Carol Club was, at the time of the death of the testatrix, and still is, an unincorporated association, having a president, treasurer, and secretary. It has been made a party defendant to this action, and invokes the aid of the above-quoted provisions of chapter 701 of the Laws of 1893. It claims that there is absolutely no indefiniteness or uncertainty as to the beneficiary under the seventh paragraph of the will, and that there is no possibility of any mistake as to just what the testatrix intended, because such club was practically a part of the well-known woman's club, Sorosis (which was, however, not mentioned in the will nor made a party to this action), of which the testatrix was a member prior to the organization of the Carol Club, of which latter organization she continued to be a member from the date of its formation down to the time of her death.

In support of such contention it is further urged that the testatrix participated in all the work of the club and was devoted to its objects, viz.: (1) Educating its members in vocal music; and (2) assisting deserving young people who had insufficient or no means of their own in getting a musical education and a start toward successful careers.

The difficulty in this case is, however, that there is nothing in the will to show what the purpose of the trust was (Fralick v. Lyford, supra; Matter of Scott, supra), assuming that a trust was attempted. But the fact is no trust is attempted to be created. On the contrary, the gift intended appears clearly on its face to be an absolute one. It was held in Fralick v. Lyford, 107 App. Div. 543, 95 N. Y. Supp. 433, affirmed 187 N. Y. 524, 79 N. E. 1105, that the act of 1893 is one to regulate gifts for the purposes therein specified, and clearly relates only to gifts in trust for such purposes, and that such enactment did not change the rule of law which declares an unincorporated religious or charitable society incapable of taking a bequest, either absolutely or as trustee. In the light of the foregoing decisions, it is manifest that the Sorosis Carol Club is incapable of taking the bequest intended in its favor.

The plaintiff is therefore entitled to judgment as indicated, with costs. Costs should also be allowed to each of the defendants who has appeared and answered, and the costs so awarded to the respective parties should be paid out of the estate. Let a decision and interlocutory judgment be presented in accordance with these views, upon the usual notice of settlement.