Matter of the Judicial Settlement of the Accounts of GERRIT S. COLLIER as Executor under the Last Will and Testament of CALVIN ACKLEY, Deceased.

(Surrogate's Court, Columbia County, November, 1916.)

Gifts — when gift cannot be sustained — bequest to unincorporated religious society — corporations.

A direct bequest to a religious society, unincorporated at the time of testator's death, is invalid and though it appears that the legatee was duly incorporated after the death of testator the attempted gift cannot be sustained as one to a *de facto* corporation.

PROCEEDINGS upon the judicial settlement of the accounts of an executor.

N. H. Browning, for executor, submitting no brief.

C. M. Bray (Willis E. Heaton, of counsel), for Methodist Episcopal Church of Kinderhook, N. Y.

Surrogate's Court, Columbia County, November, 1916.    [Vol. 97.

Elmer S. Luckenbach, special guardian for unknown heirs and next of kin and attorney for Rufus A. Lathrop and others, heirs and next of kin.

WHITBECK, S.   The question of the construction and effect of the last will and testament of deceased comes before me upon the accounting and must be disposed of before a decree can be made distributing this estate. The testator by his will gave to his executor in trust all of his property and estate for the beneficial use for life of testator's sister, Lucy A. Ackley, and after her death gave certain general legacies, and under the 5th clause provided as follows: "All the rest, residue and remainder of my property and estate and all property not hereinbefore effectually disposed of for any reason including any legacies that may have lapsed by the death of any of the foregoing named legatees in the fourth clause of this my will, before the vesting of said legacies, I order and direct my said Executor to divide into twelve equal parts, and five of such equal parts I give and bequeath to the minister, Elders and Deacons of The Reformed Protestant Dutch Church of Kinderhook, to have and to hold the same forever; and three other of such equal parts I give and bequeath to the Methodist Episcopal Church in the Village of Kinderhook to have and to hold the same forever; and two other of such equal parts I give and bequeath to St. Paul's Episcopal Church in the Village of Kinderhook, to have and hold the same forever; and the remaining two equal parts I give and bequeath to The African Methodist Episcopal Church in the Village of Kinderhook to have and to hold the same forever."

It is conceded by the executors that the Methodist Episcopal Church of Kinderhook, N. Y., was unincorporated at the time of testator's death.   The church has introduced evidence with a view of establishing it

as a *de facto* corporation. The proof also shows that the church has since testator's death been duly incorporated under general laws and by the filing of a certificate.

I have examined the proofs and the law with some care to determine whether or not this attempted bequest may be sustained upon the theory that the legatee is a *de facto* corporation.

The case of *Robie* v. *Sedgwick*, (1861) 35 Barb. 319, is authority for the doctrine that a corporation *de facto* may exist by prescription which presupposes an authorized and legitimate creation. In this case the evidence was presumptive only and the court held that it established a *de facto* corporation. The leading case in this state as to what constitutes a *de facto* corporation is *Methodist Episcopal Union Church* v. *Pickett,* 19 N. Y. 482, opinion by Selden, J., in which he defines a *de facto* corporation as follows: "1. The existence of a charter, or some law under which a corporation with the powers assumed might lawfully be created; and 2. A user by the party to the suit, of the rights claimed to be conferred by such charter or law." It has been said that this statement is defective (10 Cyc. 252) in that it leaves out of view any *attempt to organize* a corporation under a charter or an enabling statute, and that the definition as laid down by Judge Selden should be reformed by adding a *bona fide* attempt to organize a corporation under such a charter or statute. This reformed definition does in fact harmonize with my own preconceived ideas of a *de facto* corporation, and this case of *Methodist Episcopal Union Church* v. *Pickett* has been criticized by the courts of other states (*Finnegan* v. *Noermberg,* 52 Minn. 239), and in the comparatively recent case of *Von Lengerke* v. *City of New York,* (1912) 150 App. Div. 98, McLaughlin, J., in the opinion, says: "In order

to establish the existence of a *de facto* corporation it is necessary to show not only that there is a law under which the corporation might be organized, and an attempt to organize it, but that corporate powers have been thereafter exercised." This case is cited by Mr. White as an authority under the same text as above quoted in his eighth edition on Corporations and is, I believe, a correct statement of the law. Even if the doctrine laid down in the case of *Robie* v. *Sedgwick, supra,* is sound in the law, which I am convinced it is not, the presumption of incorporation of the Methodist Episcopal Church of Kinderhook created by the evidence of user of corporate practices is utterly destroyed by the evidence of its incorporation in 1916 after the death of this testator. The attempted bequest clearly cannot be sustained as one to a *de facto* corporation.

It is further urged in behalf of this church that inasmuch as the church is now incorporated (that is, since testator's death) it is entitled to take this legacy. This contention would undoubtedly be sustained if under the provisions of this will the legacy given was not a vested legacy but was intended to vest at some future time. *Lougheed* v. *Dykeman's Baptist Church,* 129 N. Y. 211. And of course the contrary is true that if the legacy is vested upon testator's death and the legatee is then unincorporated the gift fails. *Wait* v. *Society for Political Study,* 68 Misc. Rep. 245. Without doubt this attempted legacy vested at testator's death, and not even its payment is deferred since the life tenant predeceased the testator.

The church also asks that section 12 of the Personal Property Law be invoked to save this legacy. The attempted gift is a direct one to an unincorporated body and these gifts are not sustained by the courts of this state. I have examined with care the case of

*Fralick* v. *Lyford*, 107 App. Div. 543, in which the opinion of the court was written by Justice Chester. I am aware that much of that opinion is not germane to the decision and that there were two of the other four justices sitting in that case who concurred in the result but believed that a trust should be sustained for the benefit of the unincorporated body. I have examined the case of *Ely* v. *Ely*, 163 App. Div. 320, wherein the case of *Fralick* v. *Lyford* was cited and followed, though again the court stood three to two on the question of the invalidity of the bequest to " Sea Breeze."

The *Norton Case*, 165 App. Div. 787, is not similar to the case at bar, for in that case the purposes of the bequest are clearly stated as for " Missionary or evangelistic purposes." With the utmost respect for the decisions of the higher tribunals of this state, it seems to me unfortunate that the rule was not laid down so that the effect of the act of 1903, as amended, might have been to sustain a direct gift to an unincorporated body, such as a church, where the intention of the testator could be clearly gathered from the will and the surrounding circumstances to make a gift for religious uses, even though no direct and specific words describing those uses are contained in the gift, but such seems not to be the law, and I find no case where the higher courts have so held. Even the case of *Bowman* v. *Domestic & Foreign M. S.*, 182 N. Y. 495, is not a case where the gift was direct, for in that case the use was declared to be for " Indian Missions and Domestic Missions." In all of the recent decisions where the gift was direct to an unincorporated body the courts have followed the *Fralick* case and held the attempted gift invalid. *Wait* v. *Society for Political Study*, 68 Misc. Rep. 245 (1910); *Matter of Compton*, 72 id. 289 (1911); *Hughes* v. *Stoutenburgh*, 168 App. Div. 512, 520 (1915).

Surrogate's Court, Westchester County, November, 1916.   [Vol. 97.

In the face of this long line of decisions of the courts I am powerless to sustain this gift to the Methodist Episcopal Church of Kinderhook; and I come to this conclusion only after a most careful analysis of the law and the decisions of the courts and, I may say, with much regret.   It would, however, be folly for me to hold otherwise, as it would only be an encouragement to further litigation in which this church would, it seems to me, have eventually to lose and with a consequent sacrifice of time and money.

Let a direction in accordance with this decision be embodied in the decree eventually to be entered and let distribution of this invalid gift be made to and among the next of kin of the deceased in accordance with the statutes as unbequeathed assets.

Decreed accordingly.